REAM *against* RANK.

IN ERROR.

.. ERROR to the Common Pleas of *Lancaster* county, in an action on the case, brought by *Rank*, the plaintiff below, against *Ream*, for debauching his daughter and getting her with child, by which the plaintiff lost the service and comfort of his daughter and servant, and was put to great trouble and expense, and was subject to great pain, anxiety, and distress of mind, &c.

*Frazier*, for the plaintiff in error, contended, that the action was improper. It should have been trespass. The action on the case prevailed in *England*, near thirty years ago, but has since been changed. It was a mistake of Judge BULLER, which introduced a wrong practice. The practice here may also have been to support case ; but that practice has been erroneous. The forms in the old books, in these actions, and others which are analogous, are in trespass *vi et armis;* as for taking away an apprentice, *per quod, &c. Reg. brev.* 109 ; for putting poison in meat, *per quod, &c. Ib.* 97 ; for assault and battery on a servant, *per quod, &c. Ib.* 102. *Rast. Ent.* 455. *pl.* 20. 605. *pl.* 1. 592. *pl.* 4. *Thomps. Ent.* 388. *pl.* 160 ; for taking the plaintiff's wife and goods, *per quod, &c. Lill. Ent.* 441. *Cro. Jac.* 538. So in a similar case, for breaking and entering the plaintiff's house and debauching his servant, *per quod, &c.* the action was trespass. 2 *Lutw.* 1496. In *Russell* v. *Corne,*(a) it is said by HOLT C. J. that "a man cannot maintain an action "against another for assaulting his daughter, and getting her "with child ; but he may maintain an action against another "for entering his house, and assaulting and getting his "daughter with child, *per quod servitium amisit;* and that "is a great aggravation. In *Turridge* v. *Wade,*(b) in the year 1769, the suit was trespass ; and an assault and battery on the daughter was laid. So an assault on the plaintiff's

*The margin note reads:* Case lies for debauching a man's daughter and getting her with child, by which he lost her service, &c. and is the most proper form of action. When the defendant has entered the plaintiff's house, and thereby committed a trespass, the plaintiff may bring trespass, and lay the debauching his daughter and losing her service as a consequential injury. Query, whether trespass lies where there is no such entry ?

(a) 2 *Ld. Raym.* 1042.　　　　(b) 3 *Wils.* 18.

daughter was laid in *Postlethwait* v. *Parkes*.(a)   Trespass was brought for taking plaintiff's son and heir, and marrying him.   *Fitz. N. B.* 206. *G.*·

*P. Ross*, contra.   I do not deny that trespass lies ; but the plaintiff has his election to bring case or trespass.   He may wave the trespass if he pleases.   The criterion that distinguishes trespass from case is, whether the injury is immediate or not.   *Reynolds* v. *Clark*.(b)   *Scott* v. *Shepherd*.(c)   In this action the consequential damage is the foundation of the claim.   Three cases have been tried in this county like the present, in all of which the action was an action on the case.   *Lyon* v. *Hamilton*, in 1800, in the Circuit Court of *Lancaster* county.   *Spear* v. *Patterson* and *Zurtman* v. *Miller*, in the Common Pleas.

TILGHMAN C. J.   This is an action on the case, brought by *Philip Rank*, the defendant in error, against *Curtis Ream*, for debauching the plaintiff's daughter, and getting her with child, &c. by which the plaintiff lost the service of his daughter, &c.   The question is, whether *trespass* was not the proper action, and whether *case* can be supported.

That actions of *trespass* have been brought in such cases, for a long period of time in *England*, cannot be denied. Neither can it be denied, that actions on the case have also been supported, both in *England* and in this country.   The plaintiff's counsel have cited, *Lyon* v. *Hamilton*, tried before Judges YEATES and SMITH, in the Circuit Court of *Lancaster* county, at *April* Term, 1800 ; also, *Spear* v. *Patterson*, and *Zurtman* v. *Miller*, in the Common Pleas of *Lancaster* county.   In support of the action on the case, we have likewise the authority of *Martin* v. *Payne*, in the Supreme Court of *New York*, 9 *Johns.* 387.   It is to be considered, then, whether there be any thing so contrary to *principle*, in the action on the case, that, notwithstanding the authorities which have been mentioned, it would be absurd to support it. The ground of this action is, the injury sustained by the plaintiff in the loss of the services of ·his daughter.   When the defendant has also committed a *trespass* on the plaintiff's property, (as by *entering his house, &c.*) the plaintiff

(a) 3 *Burr.* 1878.                              (c) 2 *Bl. Rep.* 892.
(b) 1 *Str.* 635.   *Ld. Ray.* 1402. *S. C.*

may very properly bring *trespass*, and lay the debauching of his daughter and loss of service, &c. as a consequential injury. But where no trespass has been in truth committed, it seems rather absurd to bring the action of trespass. If my servant is *beaten*, in consequence of which I lose his service, it is reasonable that *trespass* should be the form of action, because a trespass was in fact committed; but if he is seduced from my service, *without force*, I may allege the truth, and recover damages for the loss of service, in an action on the *case*. Of this there is no doubt. Is there any thing then, in the seduction of a woman and getting her with child, which necessarily imports a *trespass?* It should seem not, because the seduction operates on the mind, to which no bodily force can be applied; and the mind being corrupted, the child is begotten with the woman's consent. Indeed, if the act is done forcibly, and against her will, it is a rape, for which, being a felony, no action will lie. In order to support an action of *trespass*, a *fiction* is resorted to, viz. that the defendant committed an assault on the woman. I will not say, that such fiction, resting on long practice, may not be supported; because it is not very material, in what form the suit is brought, provided the cause be tried on its merits; but I may safely say, that a different form, in which truth is told, and fiction discarded, is not only *maintainable*, but *most proper*. Without deciding, therefore, that trespass would not lie, I am of opinion, that the action on the case is good.

GIBSON J. concurred.

DUNCAN J. The sole question is, is the remedy of the father for this injury, case or trespass *vi et armis?* Some confusion has arisen on this doctrine. 3 *Black. Com.* 140, calls this class of actions, trespass in the nature of an action on the case. Case appears now to be the settled form of action for consequential wrongs, or torts to persons individually, or to persons relatively; as husbands for criminal conversation, seducing, or harbouring wives; fathers, for debauching daughters. 2 *Tidd's Pract.* 4. Case is the form of action adopted by a father for obtaining compensation for debauching his daughter. 3 *Selwyn*, 966. The action is case for criminal conversation and not trespass. This seems now to be fully settled. 1 *Selwyn*, 9.

1817.

REAM
v.
RANK.

It is unnecessary to notice the whole train of cases decided in *England* on this subject. I shall barely refer to a few of the leading ones. *Norton* v. *Jason*, *Styles Rep*. 398. Case for entering plaintiff's house, making assault on his daughter, and getting a bastard child upon her, *per quod servitium amisit*. ROLL Ch. J. said, he thought the father might have this action for the loss of her service caused by this seduction, but observed, it is a pretty case, and fit to be argued ; bring us the books and we will advise on it. But the damages being entered as well for entering the house, as debauching the daughter, judgment was arrested. ROLL's opinion seems to have been, that case was the proper remedy for debauching the plaintiff's daughter and getting her with child, though the *causa causans* is the *vi et armis*, this is but inducement to the action, and the *causa causata*, viz. the loss of the service, is the cause of action. In 1 *Mod. Ent.* 408, this case is stated as establishing the principle, that a father may have an action on the case for assaulting his daughter and getting her with child, *per quod servitium amisit*. *Russell* v. *Corne*, 2 *Ld. Ray*. 1032. The distinction to be inferred from the opinion of HOLT Ch. J. is, that trespass *vi et armis*, will only lie where the offence is committed by an illegal entry into the father's house, and that case is the remedy for debauching a man's daughter and getting her with child, *per quod*, &c. But the action for the illegal entry must be waved by the father. *Tullidge* v. *Wade*. Trespass *vi et armis*, for assaulting the daughter and servant of the plaintiff, and getting her with child. 3 *Wils*. 18. So *Postlethwait* v. *Parke*, 3 *Burr*. 1879, was trespass *vi et armis*. Entering the house of plaintiff *vi et armis*, and for debauching *his daughter*. Actions for criminal conversation are now settled to be actions on the case ; though trespass *vi et armis*, had in many cases been the action resorted to.

On principle an action on the case would appear to be the more appropriate remedy ; and by analogy to cases of similar injuries, *Noy*. 105. Case for enticing apprentice. Trespass *vi et armis*, for taking him away by force. *Regina* v. *Daniel*, 6 *Mod*. 182. 2 *Ld. Ray*. 1116. The loss of comfort, the loss of service, is the gist of the action, the *gravamen*. The exposure, the distress of mind, the family disgrace, are only aggravations ; the child must be either *de jure* or *de facto*, the servant of the plaintiff either in his actual ser-

vice or under his protection and controul. The injury complained of does not follow directly from the act of the defendant, but consequentially; and this is the criterion between trespass and case. The injury is the loss of service occasioned by consequences flowing from the act, and not the *act itself*. Enticing plaintiff's wife from his house, and harbouring her is case. *Winsmore* v. *Greenbank*, *Willes*, 579. *Martin* v. *Payne*, 9 *Johns*. 387. Case for debauching and getting with child plaintiff's daughter, by which he lost her services, and was obliged to expend a large sum of money for the expenses of her lying-in, &c. Objection taken to the form of action, that trespass *vi et armis*, *quare clausum fregit*, for entering his house, and assaulting and getting his daughter with child, *per quod servitium amisit*, was the only action which could be supported. The Court refused to arrest the judgment, and decided that the action on the case could be supported, though the child was not in the actual service of the father, and residing under his roof—the child being under the controul and protection of the father.

In the case of an assault and battery on the wife, the husband and wife must join in the action of trespass for the assault and battery. But if the battery has been a grievous one, and the husband deprived of the society of his wife, the husband may have a separate action on the case, *per quod consortium amisit*. 3 *Bl. Com.* 140.

Force is implied when a wife, daughter, or servant, has been enticed away or debauched, though, in fact, they consented—the law considering them incapable of consenting—and trespass may be supported; though case for the consequence of the wrong appears to be the more proper form of proceeding, 1 *Chit. Plead.* 124. Without saying that the act of debauching might not be laid in such form, as that the father might have trespass *vi et armis*, yet I am of opinion, that this declaration in case on the facts stated as the injury sustained by the plaintiff is a proper form of proceeding.

Judgment affirmed.