Order reversed, with costs, and judgment reinstated.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD JACOBS, Appellant.

(County Court, Onondaga County, June, 1906.)

Criminal procedure: Proceedings on review; Modes of review — Appeal — Commitment, when reviewable; Decision on review — Grounds of reversal; Record or minutes and commitment — Of Special Sessions must show crime was not a felony.

The Code of Criminal Procedure provides for two appeals in a criminal case, one from the judgment and the other from the commitment. A notice of appeal "from the said conviction and sentence" which states that the sentence and commitment is illegal and void should be regarded as showing the intention of the appellant to review the commitment as well as the judgment.

A commitment of a Court of Special Sessions, which states that the defendant was convicted of assault but does not show the degree thereof and does not state the facts showing that the crime was one of which the court had jurisdiction and not a felony, is defective, and the judgment must be reversed and the defendant discharged.

County Court, Onondaga County, June, 1906.    [Vol. 51.

APPEAL to review the proceedings before a justice of the peace which resulted in the conviction of the defendant of " assault," and in his receiving a sentence therefor of imprisonment in the Onondaga County Penitentiary.

Irving J. Higbee, for appellant.

George W. Standen, Assistant District Attorney, for People, respondent.

Ross, J. Section 515 of the Code of Criminal Procedure provides that the only method of reviewing a judgment or order in a criminal action or proceeding is by appeal.

Section 751 of the Code of Criminal Procedure provides how an appeal from a determination of a Court of Special Sessions, *i. e.*, a criminal court held by a justice of the peace, shall be taken. "For the purpose of appealing, the defendant, or some one on his behalf, must, within sixty days after the judgment, or within sixty days after the commitment where the appeal is from the latter, make an affidavit showing the alleged errors in the proceedings or conviction or commitment complained of." Two appeals are contemplated, one from the judgment and another from the commitment. Prior to 1897 an appeal from the judgment had to be taken within ten days after the rendition of the judgment; or within twenty days after the commitment, where the appeal was from the latter. Laws of 1897, chap. 39. In other words, a defendant can review either the judgment including the regularity of the proceedings which resulted in his conviction or the commitment, or, if his notice of appeal is broad or precise enough, both; but, upon an appeal from a judgment only, an error in the commitment cannot be presented for a review. It is somewhat doubtful in this case whether the appeal is broad enough to include a review of the commitment. The notice of appeal contains, with other matters, the following: "Deponent says that he hereby appeals to the County Court of the county of Onondaga from the said conviction and sentence;" and again: "That said deponent was improperly and illegally convicted and sentenced. * * *

and that the sentence and commitment is illegal and void."
I think that a fair interpretation of this language justifies
the view that the appellant intended to review the commit-
ment. The return of the justice does not disclose any error
committed upon the trial, and the return is conclusive as to
what occurred upon the trial, and cannot be contradicted by
affidavits. Thompson v. Sheridan, 80 Hun, 33, and cases.

As the judgment presents no matter for reversal, the only
matter to be considered upon this appeal is the error claimed
to exist in the commitment, and the only error relied upon
must be pointed out in the notice of appeal. People v. Giles,
152 N. Y. 136–141; People v. Jewett, 69 Hun, 550.

There are several irregularities in the commitment but,
for the reason stated, they are not subject to review upon
this appeal. The sole error presented is pointed out in the
notice of appeal as follows: " Deponent further says that
the warrant and the commitment is void and illegal for the
reason that it does not show that the said deponent was con-
victed of a crime, but it says the deponent was convicted
of assault, but does not specify the degree thereof."

Section 721 of the Code of Criminal Procedure provides
the form of a certificate or record of conviction. It requires
that the offense shall be briefly designated. In the case of
People v. Gray, 67 How. Pr. 456, the defendant was con-
victed by a justice of the peace of the crime of " assault and
battery committed on Norman Potter," and it was insisted,
as a reason for the discharge of the defendant, that there is
not now any such crime known to the law as assault and bat-
tery, as that offense is now styled and designated an assault
in the third degree. The writ of habeas corpus was dis-
charged and the defendant remanded, it being held by Mr.
Justice Westbrook, before whom the matter came, that, as sec-
tion 219 of the Penal Code, defines an assault in the third
degree, "A person who commits an assault, or an assault and
battery * * * is guilty of assault in the third degree," and
as the commitment used the same language, it was a sufficient
description of the offense; that it was not necessary that it
should be " called by its technical name, providing the de-
scription of the act which constitutes the defense is clear

County Court, Onondaga County, June, 1906. [Vol. 51.

and precise and leaves no doubt as to its exact character." In the case of People v. Maschke, 2 N. Y. Crim. Rep. 168, in which the defendant sought to be released upon a habeas corpus, he being held by virtue of a commitment in which the crime was designated as "The misdemeanor of assault and battery upon John G. Griffith committed in said city and upon his conviction for the misdemeanor aforesaid he was ordered to be imprisoned," etc., Mr. Justice Bartlett dis-. missed the writ and remanded the prisoner, but made the statement that, had the judgment of the Special. Sessions simply convicted the prisoner of assault and battery, he would have no hesitation in ordering his discharge. See note, same report, page 306. Upon appeal this decision was sustained, Mr. Justice Daniels writing the opinion in which the following language was used: "The argument that the assault may have been a felonious one and therefore not within the jurisdiction of the court before which the trial was had, is not supported by the record of the conviction. For by that it appears that the assault and battery of which he was convicted was a misdemeanor and it was equivalent to the assertion or statement that it was an assault in the third degree, and probably a mere statement of the fact that he had been convicted of an assault and battery without anything further, would be entitled to the same consideration and effect." But in the case at bar the offense is not designated with the precision required by section 721 of the Code of Criminal Procedure. The facts are not stated, as in the two cases last above stated, showing that the crime was one of which the court had jurisdiction, but for aught that appears it may have been a felony.

While it appears from the return of the justice that he made an intelligent and just disposition of the case on the merits, it is more important that a person shall not be deprived of his liberty, except in substantial compliance with the law, than that this particular defendant should remain a few days more in prison.

For the reasons stated the judgment must be reversed and the defendant discharged.

Judgment reversed and defendant discharged.