CHARLES W. DURANT, Respondent, *v.* WILLIAM · P. ABEND-
ROTH, Appellant.

Where a verdict is ordered subject to the opinion of the court at General
Term, without qualification, exceptions cannot be heard, and the only
question for the General Term is which party is entitled to final judg-
ment on the uncontroverted facts; no new trial can be granted, but
final judgment must be rendered for one party or the other without
regard to which party had the verdict.

Such a direction is therefore improper where exceptions have been taken
upon the trial, or where the facts are controverted.

Where such an order also directed exceptions to be heard at·first instance
at General Term: *Held*, that the use of the words, "Subject to the
opinion of the court at General Term," did not deprive the unsuccessful
party of the benefit of his exceptions; but that said words were mere
surplusage.

In such a case findings of fact by the General Term are unauthorized and
cannot be regarded; but being mere surplusage they do not vitiate a
judgment.

A certificate and affidavits filed for the purpose of forming a limited part-
nership pursuant to the statute (1 R. S., 763, § 1 *et seq.*), were dated and
filed December 23d, 1870 ; the former stated the sum contributed by the
special partners, the latter that said sum "had actually and in good
faith been paid in cash." The partnership was to commence January
1st, 1871. A. in fact gave his checks for the sum specified, dated
December 31st, 1870, which were paid January 2d, 1871. *Held*, that
the statements in said certificate and affidavits were false within the
meaning of said statute (§ 8), and that A. was liable as a general partner
for the debts of the firm.

In such a case, neither the honest intention of the parties that the sum
shall be paid at or before the time of the commencement of the partner-
ship ; nor their good faith manifested by the actual payment ; nor the
consideration that no injury resulted to any creditor from the fact that
the statements were untrue can remedy the defect.

(Argued February 21, 1877 ; decided March 27, 1877.)

APPEAL from judgment of the General Term of the Supe-
rior Court of the city of New York, in favor of plaintiff,
entered upon an order directing judgment on a verdict.

This action was brought to recover of the defendants, as
alleged co-partners under the firm name of Griffith & Wun-
dram, the amount of two promissory notes made by that

firm. Defendant Abendroth alone defended, claiming that the partnership was limited, and he a special partner.

It appeared in evidence that a certificate for the formation of a limited partnership was filed in the county clerk's office, by the defendants, on the 23d day of December, 1870. That certificate stated, among other things, "that said co-partnership is to commence on the 1st day of January, 1871, and is to terminate at the expiration of five years thereafter, and on the first day of January, 1876." That "John Griffith and George W. Wundram, who reside in the city, county and State of New York, are the general partners, and William P. Abendroth, who resides in the town of Rye, county of Westchester and State of New York, is the special partner, and has contributed the sum of ten thousand in cash, as the capital to be used in said business." It is dated December 23d, 1870, is signed by all three defendants, and was acknowledged by all of them on that day. There was annexed to and filed with the certificate, an affidavit, dated December 23d, 1870, and sworn to on that day, by Griffith and Wundram, each swearing that "the sum specified in said certificate to have been contributed by the special partner, as the capital stock of said firm, has been actually and in good faith paid in cash."

Abendroth, called as a witness on behalf of the plaintiff, testified that the papers were signed on the 23d day of December, 1870, and that his contribution to the capital of the firm was made on that day, by his check, dated December 31st, 1870, which was paid as soon as it went to bank, on the 2d day of January, 1871.

The court, as the case states, "directed a verdict for the plaintiff for $6,024.67, subject to the opinion of the court at the General Term, exceptions to be heard in the first instance at a General Term; to which decision and direction of the court the counsel for the defendant then and there excepted." A statement of facts, with the conclusions of law thereon, was made and filed by the General Term, and was made part of the judgment roll.

*Samuel Hand* for the appellant.   The trial court had no power, exceptions having been taken upon the trial, to order a verdict subject to the opinion of the court at General Term. (*Purchase* v. *Mattison*, 25 N. Y., 211; *Cobb* v. *Cornick*, 16 id., 602; *Sackett* v. *Spencer*, 29 Barb., 180 ; *Bangs* v. *Palmer*, 16 How., 542.)   The statute was complied with as to the publication of the terms of partnership.   (1 R. S., 765, § 9; *Brown* v. *Argall*, 24 Wend., 496; *Mad. Co. Bank* v. *Gould*, 5 Hill, 309; *Levy* v. *Lock*, 47 How., 394; *Riper* v. *Poppenhausen*, 43 N. Y., 73; *Johnson* v. *McDonald*, 2 Abb., 290.) There was no false statement in the certificate within the meaning of the eighth section of the statute, or in the affidavit made by the general partners.   (1 R. S., 765, § 8; *Murray* v. *N. Y. C. R. R. Co.*, 3 Abb. App. Cas., 339; *Smith* v. *People*, 47 N. Y., 330; *Holmes* v. *Carley*, 31 id., 289; *White* v. *Wager*, 32 Barb., 250 ; *People* v. *Ins. Co.*, 15 J. R., 358; *Brewer* v. *Blengher*, 14 Pet., 178; *Comm.* v. *Kimball*, 24 Pick., 370; *Riper* v. *Poppenhausen*, 43 N. Y., 68, 72, 73; *Sachaise* v. *Marks*, 4 E. D. S., 624; *Brown* v. *Argall*, 24 Wend., 496; *Mad. Bank* v. *Gould*, 5 Hill, 309; *Johnson* v. *McDonald*, 2 Abb., 290; *Levy* v. *Lock*, 47 How., 394; *Ward* v. *Newell*, 42 Barb., 482; *Van Ingen* v. *Whitman*, 62 N. Y., 513.)   The provisions of the Revised Statutes as to limited partnerships should be liberally construed in favor of the special partner.   (Troubat Law Lim. Part., 30, 621, 666, 674, §§ 1–4, 20; 3 Kent's Com., 36; *Haviland* v. *Chase*, 39 Barb., 283 ; 62 N. Y., 520, 524.)

*Carlisle Norwood, Jr.*, for the respondent.   The certificate and affidavits filed did not comply with the statute (§ 8); the parties are required to certify to what has been done, not to that which is executory, and the partnership must be regarded as a general one.   (*Van Ingen* v. *Whitman*, 62 N. Y., 513; *Pierce* v. *Bryant*, 87 Mass., 91; *Argall* v. *Smith*, 3 Den., 435; *Lancaster* v. *Choate*, 87 Mass., 568; *Haggerty* v. *Foster*, 103 id., 17; *Vandik* v. *Rorsam*, 67 Penn., 330; *Richardson* v. *Hogg*, 38 id., 153; *Hogg* v. *Orgill*, 34 id., 352; *Hubbard*

v. *Morgan*, 3 Kent's Com., 36, note A; *In re King*, 5 Bene. Dist. Ct. R., 453; 7 Am. L. Rev., 177; *In re Merrill*, 12 Blatch., 221; *Haviland* v. *Chase*, 39 Barb., 283; *Bowen* v. *Argall*, 24 Wend., 502.)

RAPALLO, J. This is not strictly the case of a verdict subject to the opinion of the court; for at the time of directing the verdict for the plaintiff, the court ordered the exceptions to be heard in the first instance at General Term. Where a verdict is ordered subject to the opinion of the court without qualification, exceptions cannot be heard, and the only question before the General Term is, which party is entitled to final judgment on the uncontroverted facts, and for that reason it is improper to direct a verdict subject to the opinion of the court where exceptions have been taken on the trial, or the facts are controverted. The order in the present case providing for the hearing of the exceptions at General Term was authorized by the Code (§ 265), and the words, "subject to the opinion of the court at General Term," were mere surplusage. Where a verdict is directed by the court and exceptions are ordered to be heard in the first instance at General Term, the verdict is in fact subject to the opinion of the court upon the exceptions, and the use of that language does not deprive the unsuccessful party of the benefit of the exceptions. If any of them are well taken, a new trial must be ordered; otherwise judgment is ordered in conformity with the verdict. But where a verdict is ordered simply subject to the opinion of the court, the whole case is before the General Term upon its merits, and no new trial can be ordered, but final judgment must be rendered for one party or the other without regard to which party had the verdict.

The findings of fact by the General Term were unauthorized, and must be disregarded; but they were mere surplusage, and do not vitiate the judgment.

The main questions in the case are whether the statement in the certificate of the formation of the limited partnership

of Griffith and Wundram, dated and filed on the 23d of December, 1870, that William P. Abendroth, the special partner, had contributed the sum of ten thousand dollars in cash as the capital to be used in the business of the firm was true, and whether the affidavit of the general partners, sworn to on the same day, that the sum specified in said certificate to have been contributed by the special partner as the capital stock of said firm, had been actually and in good faith paid in cash, is borne out by the facts proved on the trial. A negative answer to either of these questions necessarily leads to an affirmance of the judgment. (1 R. S., 763, § 8.)

The certificate and affidavit speak as of the day of their date. They are not promissory, but state what had then been done. Unless therefore the capital had on that day been actually paid in cash, the statements cannot be said to be true. Neither the honest intention of the parties that it should be paid at or before the time appointed for the commencement of the partnership, nor their good faith, manifested by the actual payment in cash at that time, can remedy the defect, if the payment had not been actually made in cash when the certificate and affidavit were made and filed. The statute peremptorily requires an affidavit that the capital has been actually paid in cash, and withholds its protection from the special partner if the affidavit be not true. The object of this provision is to secure certainty, and to prevent equivocal transactions in the formation of these partnerships. Nothing but cash satisfies its requirement. No engagement or security, however good, can be substituted even temporarily, and the affidavit of the actual payment must be filed with the certificate. However honest the intentions of the parties may be, if this affidavit is not absolutely true, the consequences prescribed by the statute must follow, and they cannot be averted by a subsequent payment, nor by the consideration that no injury resulted to any creditor from the affidavit not being true when made.

The payment in this case was made by a check of the special partner, dated, and therefore payable, on the 31st of

December, 1870. This clearly was not cash on the 23d, when it was delivered to the general partners and the affidavit was made. It was a mere obligation or order payable in future. It was in fact paid on presentation on the 2d of January, 1871. This shows that the parties intended no fraud, and the reason for resorting to this form of proceeding is explained by the fact that the partnership was not to commence until the first of January, 1871, which fell on Sunday. Nevertheless it was not the fact that the special partner had actually paid the sum specified in the certificate, in cash on the 23d, when the affidavit was made. He had merely given an order for its payment on the 31st. Although doubtless it was the *bona fide* intention that the check should be paid on the 31st, yet many contingencies might have occurred to prevent its ever being paid.

It is strenuously contended on the part of the appellants that the statute does not require that the capital contributed by the special partner be paid to the general partners before the day fixed for the commencement of the partnership; that where, as in this case, the papers are filed before that day, it is sufficient that the money be deposited in the hands of any third party; that the presumption is that the special partner had the money in bank on the 23d of December, when he drew the check, and that he had placed it there for the purpose of being paid on the 31st to the general partners as his contribution of capital, and therefore the statement that it had been actually paid was true.

If the special partner had paid the money to the bank to the credit of the general partners, or deposited it with any third party for the express purpose of being paid to the firm at the commencement of the partnership, and had appropriated it to that purpose in such manner as to part with all control over it himself, there would be much force in the argument that this was a payment of his contribution of capital. But assuming that he had the money in bank on the 23d, and that he intended that it should be applied to the payment of the check (facts of which there was no evi-

dence), still it was there to the credit of the special partner. It remained his property and subject to his draft and control, notwithstanding the check which he had given. The check was put in evidence, and was not certified, nor could it have been certified until the 31st. He could have drawn out the money at any time in the interim, or countermanded the check. The money might as well have been in his own pocket, and was so in contemplation of law. A person cannot be said to have paid money thus situated. All that can be said is that he had provided it, and intended that it should be paid when the time came; but he had done no act placing it irrevocably beyond his own control.

The capital was in fact paid on the 2d of January; but no affidavit of that payment was filed as required by the statute. The affidavit prematurely made on the 23d could not be made true by that subsequent payment.

The parties have made a careless, though no doubt innocent, mistake; but they have failed to comply with the statute, and the special partner is therefore deprived of its protection. If the court had the power to rectify such a mistake it would gladly do so in this case; but it does not possess the power.

The judgment must be affirmed.

All concur, except CHURCH, Ch.J., and EARL, J., dissenting, ALLEN, J., not sitting.

Judgment affirmed.