By the Court.—Van Vorst, J.
The defendants *236 in this action, who were members of a limited partnership, are sought to be held liable for its engagements, as general partners. Such liability is claimed to have arisen through a failure on the part of the defendants, Daniel H. Lawrence and John A. Kingsbury, the special partners, to comply with the provisions of the statutes in respect to their contribution of capital, in pursuance of the certificate signed by the parties, and on account of the falsity of the certificate and affidavit made, in relation to the contribution of capital by such special partners.
The statute provides “that if any false statement be made in such certificate, or affidavit, all the persons interested in such partnership shall be liable, for all the engagements thereof as general partners ” (1 R. S. 765, § 8; Madison County Bank v. Gould, 5 Hill, 309).
The partnership, which, according to the terms of the certificate filed, was to go into existence on January 2, 1874, was composed of the two persons above-named as special partners ; the other defendants were the general partners.
By the terms of the partnership agreement, the special pártners were each to contribute in cash $20,000, and the general partners together $10,000. The style of the firm was “ Kingsbury, Abbott & Hulett.”
The certificate states that each special partner “ contributes ” to the common stock $20,000 “in cash.” It is dated January 2. On the same day, an affidavit, required by the statute, was made by one of the general partners, in which it is stated that the sum specified in the certificate to have been contributed by each special partner had been “ actually and in good faith paid in cash.”
The principal question to be determined is, did the certificate or affidavit contain any false statements ?
On January 2, the special partners each delivered to the concern a check on a'bank for the sum of $20,000. *237 On that day neither of the special partners had to his credit in the bank on which his check was drawn, $20,000. The defendant Lawrence had to his credit, on that day, in his bank, $11,440.56, and no more. But on January 3 he deposited in the bank, on which his check was drawn, $12,730.87. This sum was made up by a deposit of his own check on another bank for $5,000, and the check of Kingsbury, Abbott, Gay & Co., for $7,730.87. This last check had been delivered to him in part payment of a debt in his favor, against the firm of Kingsbury, Abbott, Gay & Co. In this connection it should be stated that the property and assets of Kingsbury, Abbott, Gay & Co., which firm was dissolved, had been purchased, and its debts assumed by the new firm of Kingsbury, Abbott & Hulett. These deposits made by Lawrence on January 3, made provision for his check drawn and delivered on thó day previous, for $20,000, and which was presented and paid on the fifth of the month.
With respect to the other special partner, John A. Kingsbury, on January 2, the date of his check, he had on deposit in the bank on which it was drawn, only the sum of $7,715.19. But on that day he borrowed of Kingsbury, Abbott, Gay & Co.," the old firm, but whose assets belonged to the new firm, the sum of $10,000, for which he gave his note, payable at a future day. For this loan of $10,000 he received a check, which on the following day he deposited in his bank. This check, together with the proceeds of a note, discounted for him by the bank, and passed to his credit, increased his deposit to $20,100.46, out of which his check for $20,000 was, when presented afterwards, paid.
It was in this manner that the special partners increased the amount standing to their respective credits in the banks on which their checks were drawn, and provided for their payments when they should be pre *238 serited.. And in this manner was their contribution of capital made.
From this statement, it would appear that the affidavit of the general partner, made on January 2, was not true. The special partners had not, when such affidavit was made, actually contributed in cash the sums specified in the certificate. They did not, in fact, on that day, have the cash on hand to contribute. It had yet to be provided, in part, at least.
■ The objection is not that the payments were made in checks. -But the checks were not drawn against moneys to the credit of the drawers at the time they were received as cash by the partnership. Checks, against existing deposits to meet them, might be regarded as cash, as they could be instantly presented, and the moneys received. But whether these checks would ever be made good depended upon the success of efforts to be put forth in the future to collect or borrow money. ■
Uncertified checks, received in this manner, at most represent the engagement of the drawers that they will be made good when presented, and are subject to contingencies, which might ■ defeat the best intentions of the drawers.
“ The certificate and affidavit speak of the day of their date. They are not promissory, but state what has been done. Unless, therefore, the capital had on that day been actually paid in cash, the statements cannot be said to be true ’ ’ (Durant v. Abendroth, 69 N. Y. 148, 152). “ No engagement or security, however good, can be substituted even temporarily” (lb.) “ Certainly the statute meant cash, which is money in hand, and not credits of the special partner, or other person, however available” (Van Ingen v. Whitman, 62 N. Y. 513, 520).
In no view was Kingsbury’s contribution (and Law *239 rence’s is also in this regard open to criticism) a compliance with the letter or spirit of the statute.
Ten thousand dollars of his contribution, he in. effect borrowed from the firm, to meet- his check.
The assets of the old firm belonged to the new. His loan depleted their assets to the extent of the sum he ■ borrowed, in place of which he substituted his promise to pay in the future. Lawrence v. Merrifield (42 Super. Ct. 36), gives no support to such a transaction. We are of opinion that the judgment appealed from should be affirmed with costs.
Sedgwick, J., concurred.