Van Dolsen *v.* Abendroth.

---

## New York Marine Court.

*Trial Term—December,* 1882.

## ABRAHAM VAN DOLSEN ET AL. *against* WILLIAM P. ABENDROTH, IMPLEADED, &c.

**Special Partnership.—False Certificate as to Capital.—Bankruptcy of the General Partners, and its effect, &c.**—A check given to the general partners, and not passed to the credit of the firm until several days after the filing of the certificate and affidavit required by statute, is not such a payment of capital by the special partner as the statute contemplates. The false certificate does not make the parties general partners, though liable as such to creditors. The liability is in the nature of a statutory penalty, which is enforceable only by action.

*Norwood & Cogswell,* for plaintiffs.

*Arnoux, Ritch & Woodford,* for defendant.

McADAM, J.—The plaintiffs sue to recover $900.32, the amount of a past-due promissory note made by a copartnership firm doing business under the name and style of "Griffith & Wundram."

The evidence shows that the three defendants formed a limited partnership under the statutes of this

State (2 *R. S.* 6 ed. 1153), in which Griffith and Wundram were the general partners and the defendant Abendroth the special. They complied with all the formal requirements of the statute in regard to signing, acknowledging, filing and publishing the certificate provided for therein, as well as the requirement that an affidavit shall be filed proving that the sum contributed by the special partner, to the common stock, had been actually and in good faith paid in cash ; so that, upon the face of the record, a limited partnership was effectually consummated between the parties, upon the terms and conditions specified in the articles and in said certificate. But the statute (2 *R. S.* 6 ed. p. 1154, § 8) contains a specific provision for the benefit of creditors, in these words : " And if any false statement be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all the engagements thereof, as general partners. It does not make the persons interested general partners ; this it could not do ; that is to say, the statute could not alter the rights and equities of the partners as between themselves. These were fixed by the contract obligations of the parties. Nor did the statute make them general partners as to third persons. It did not intend to misdescribe their legal relation. If the defendants had failed to file the certificate and affidavit required by the statute they would have become general partners, because it is specially provided " that no limited partnership shall be deemed to have been formed" until this requirement is complied with (2 *R. S.* 6 ed. 1154, § 8), but when this formality is complied with the limited partnership is complete, with all the incidents belonging to such a relation, and the partnership thus formed continues until legally dissolved. But if the certificate and affidavit prove to be false, the statute declares that all persons interested in the firm shall be liable as general partners for all of the firm's engagements. If the

Van Dolsen *v.* Abendroth.

firm keeps its engagements the limited partnership and the rights and obligations of the parties continue as before. If it fails to keep its engagements the legal relation is left unchanged, but the persons in interest, whether as general or special partners, are made liable for such unperformed engagements, so that while not general partners in fact, nor made such by statute, they may nevertheless be holden as if they were, by creditors holding the firm's obligations. A well defined legal distinction exists between general partners *inter se* and persons who without occupying the legal relation, become after proof of misconduct holden to the same liability as those who do.

The proofs show that the certificate and affidavit were false—in this, that instead of contributing his share of the capital in cash, Abendroth, the special partner, contributed a check which was neither paid nor credited to the firm for several days afterwards. This circumstance made all of the defendants liable for the firm's engagements (Durant *v.* Abendroth, 69 *N. Y.* 148). While liable in form as general partner, this liability, imposed as a sort of penalty, did not, as before remarked, alter the fact that as between themselves they were just what they contracted to be—to wit, "Griffith and Wundram" were the general partners and Abendroth the special. The general partners as a firm became bankrupt, and on the petition of Wundram, it was formerly adjudicated bankrupt on November 30, 1872, and on December 20 following, Abendroth was chosen assignee of the firm's estate. It was a proceeding between Griffith and Wundram, the general partners, on the one hand, and the firm's creditors on the other; and it was to this extent only that the bankruptcy court obtained jurisdiction over the subject-matter and parties. Abendroth was not a party, except as a creditor.

No one pretended or alleged that he (Abendroth)

was bankrupt, or that the firm, if Abendroth had been included as a general partner, would have been bankrupt; and the bankruptcy court obtained jurisdiction over Abendroth as a creditor only, and could deal with him in no other right or capacity. The adjudication and what followed affected Griffith and Wundram as bankrupts, on the one hand, and Abendroth and the other persons mentioned in the schedules as creditors, on the other.

The bankruptcy court did not and could not have adjudicated the question, whether Abendroth had incurred the liability imposed by the statute before cited. That question was not before the bankruptcy court and did not belong there for adjudication.

The determination of the question of the bankruptcy of Griffith and Wundram, and the administration of their estate, did not directly or indirectly involve the question to be determined here, *i. e.*, whether Abendroth, a creditor in the bankruptcy proceedings, was liable, under the statute, to the plaintiffs, who were also creditors there, for the debt owing by the bankrupt firm.

Bankruptcy proceedings were not designed to settle disputed claims which one creditor of a bankrupt firm may have against another creditor of the same firm, for the jurisdiction of the bankruptcy court is limited to the determination of the claims which the creditors present against the bankrupt estate.

The plaintiffs herein never proved their claim and never accepted any dividend from the assigned estate, and they have in no way directly or indirectly, by inference or otherwise, done any act or thing which can be construed into a waiver of their right to enforce the statutory liability of Abendroth.

The record in the bankruptcy court was truthful in point of fact, and this is all that it implies.

The parties were correctly described; that is to say,

in speaking of them in the proceedings subsequent to the adjudication, "Griffith & Wundram" were called the "general partners" and "Abendroth" the special. There was no impropriety in applying these terms to the defendants, nor does their use add any legal force to the contention that the plaintiff's demand here was adjudicated there. If Griffith & Wundram had brought an action as a firm, Abendroth could not have been joined as a plaintiff (Schulten v. Lud, 4 *E. D. Smith,* 206 ; 2 *R. S.* 6 ed. p. 1156, § 14). He was certainly not a necessary party, at all events.    Upon the entire case, I hold and decide that the bankruptcy proceedings are not a bar to this action ; that the issue determined here was not and could not have been adjudicated there ; and that the bankruptcy proceedings have no relevancy to the questions involved in the present litigation.

It follows that the plaintiffs are entitled to judgment for $1,482.15, the amount claimed, and interest.