By the Court.
Upon the trial the issues involved were apparently turned into a question of law as to whether the plaintiff or defendant was, on the conceded facts, entitled to a verdict. Ho question as to the amount of damages recoverable in case the plaintiff was entitled to a verdict was made, and we assume, therefore, that the amount alleged in the complaint was conceded to be the legal measure (See McKenzie agt. Farrell, 4 Bosw., 193; Porter agt. Loback, 2 id., 188). Ho point as to the amount of damages recoverable was made upon the argument. The sole question presented and discussed was whether the action was maintainable— a legal proposition depending upon the construction to be placed upon the language of the undertaking sued upon. The trial judge directed a verdict in favor of the defendant, subject to the opinion of the general term. Under this direction both parties move for judgment on the verdict, so that the question presented to us is which party is entitled to final judgment on the uncontradicted facts (Durant agt. Abendroth, 69 N. Y., 148). According to the language of the undertaking, the sureties were to become charged on the happening of either of two contingencies. These are stated, in the language of the instrument, to be “if the defendant do recover judgment therein” — that is, in the action; or, if it is finally decided that the plaintiff was not entitled to the order of arrest. The second contingency has happened, to wit, it has been decided that the plaintiff was not entitled to the order of arrest, and this decision having terminated the provisional remedy invoked, and, being unreversed, is in its nature final. If the legislature intended that the liability of the sureties should be made dependent upon the final result of the action, the second contingency as to a decision holding the plaintiff was not entitled to the order of arrest was an unnecessary and meaningless provision to insert in the statute. The undertaking is in the language of the statute {Code, sea. 559), and the form and liability are the same whether the arrest was granted on the cause of action or on facts extrinsic to it. Suppose the plain *6 tiff sued the defendant for $25,000, and at the time of commencing the action procured an order of arrest bailable in that amount, and the action eventuated in a verdict in favor of the plaintiff for fifty dollars, it being apparent that his cause of action was only for that amount, and the defendant, after languishing in jail, finally succeeded in setting aside the order of arrest for irregularities in the papers upon which it was granted, would any one hold that because the defendant had failed to recover judgment in his favor, that he was without remedy upon the undertaking? We think not. The rule of construction is to give effect to every part of an instrument, and to every part of a statute, and we find nothing in the statute which changes the legal effect of the undertaking provided for by section 559 {supra). The order of arrest was vacated “ because granted on defective papers.” A verdict that the plaintiff was entitled to recover upon the cause of action alleged in his complaint would not be a final decision that he was entitled to an order of arrest on “ defective papers,” yet if a defendant be illegally arrested he is not without a remedy for the wrong. If a plaintiff desires to restrain his debtor’s liberty, he must observe the forms and requirements of the law or take the consequences. The fact that the debtor was discharged on defective papers does not relieve the sureties. It might affect the measure of their liability, but the extent of their liability was not contested upon the trial, and is not before us for review.
Sedgwick on Damages (6th ed., in note 2, at p. 488), says: “In suits on statutory undertakings and bonds given to secure a defendant against damages and costs resulting from an attachment, injunction or other provisional remedy wrongfully issued or applied, the measure of damages is substantially indicated by the terms of the instrument as authorized by the statutes, and is the actual expense and loss occasioned by the writ or order, excluding remote damages.”
The damages in this case would have included the ten dollars costs allowed on setting aside the order, with the reasonable *7 counsel fees paid for setting aside the order {Id., p. 488). These were not dependent on the result of the action and were recoverable no matter how it terminated. If a second order of arrest had been applied for, it would have been obtained on new papers, including a new undertaking on which new liabilities would have been created. It has been urged by the defendant that if he succeeded in obtaining judgment in the original action he may then arrest the defendant. This result may follow, but the arrest will not be upon the provisional order which has been vacated, but upon an execution against the person, to be issued on the judgment according to section 1487 of the Code. We do not see that this circumstance affects the question before us for decision, and are of opinion that the plaintiff is entitled to judgment on the verdict.
The plaintiff did not await the judgment he expects, but invoked the provisional remedy by arrest on order, prior to the trial. He failed to sustain it, and the decision vacating the order of arrest terminated that remedy and is final.
The case of Schuyler agt. Englert (14 Weekly Dig., 571), although not involving in a direct manner the question presented to us for decision, contains language which compels us to halt. It certainly indicates in a forcible manner that our construction of the undertaking is wrong, and that the defendants are entitled to judgment on the verdict. In that case, the court holds that “ the undertaking carefully distinguishes between the cases where the nature of the cause of action gives the right to the order of arrest, and those where the order is obtained upon facts outside of the cause of action. In the one case the right to the order is determined by the fact that the plaintiff obtained judgment; in the other case the right to the order is determined upon motion, and if an order setting aside the order of arrest is not vacated or reversed it is thereby decided that the plaintiff is not entitled to the order of arrest; and the conditions of the undertaking is fulfilled.”
In the present case it was admitted that the action was one *8 of those mentioned in section 549 of the Code, in which the right to the arrest depends on the nature of the cause of action, and not on extrinsic ground. In view of Schuyler agt. Englert (supra), which we regard as binding upon us, we disregard our own views and accept those laid down in the case cited, and upon the authority of that case, we order judgment for the defendants on the verdict, with costs.