In the Matter of the Application of the STATEN ISLAND RAPID TRANSIT RAILROAD COMPANY to Acquire Title to Lands of BODINE and Others.

*Taking of land for railroad purposes — the incorporation of the petitioner may be denied—when a payment by a certified check will be treated as a cash payment.*

In proceedings instituted by a rapid transit company to acquire title to land, it appeared that on April thirteenth a subscriber delivered a certified check for ten per cent of the amount of his subscription, drawn on that day by himself to the order of one Emmons, one of the directors of the company. Emmons testified that the check was deposited on the fourteenth of April, but it was not credited to him on the books of the bank until the fifteenth. The articles of association were filed in the office of the secretary of state on the fourteenth of April:

*Held*, that the delivery of the certified check was a good payment in cash, within the meaning of the statute requiring the payment of ten per cent in cash on subscriptions prior to the filing of the articles of association.

That the fact that the check was drawn to the order of Emmons, as treasurer, before he had been elected to that office, did not affect the validity of the payment.

That the question as to whether or not there had been an improper issue of capital stock could not be inquired into in this proceeding.

Appeal from an order made at a Special Term, affirming an order appointing commissioners to ascertain and appraise the compensation to be made to the appellants for real estate belonging to them, which was to be taken by the petitioner for the purpose of constructing and operating its railroad.

*William M. Mullen*, for the New York Dyeing and Printing Establishment and Abraham B. Bodine, appellants.

*Stewart & Boardman*, for the Staten Island Rapid Transit Railroad Company, respondent.

Cullen, J.:

This is an appeal from an order condemning lands of the appellant and appointing commissioners of appraisal. The right of the petitioner to the relief sought is challenged on several grounds. It is claimed that the petitioner was not duly incorporated. The first defect in the incorporation is the alleged failure to pay to the

directors ten per cent in cash on subscriptions to the amount of $1,000 for each mile of road to be constructed. This by the statute is a prerequisite to filing the articles of incorporation in the office of the secretary of State. In this case the payment was made by the delivery to one Emmons, one of the directors, of a certified check for $900, drawn by Wyman, who had subscribed for $9,000 of the stock. This check was drawn, certified and delivered on April thirteenth, when the affidavit attached to the articles of association was made. The check Emmons testifies was deposited on the fourteenth of April, but by the books of the bank in which the deposit was made the check is credited to Emmons on the fifteenth. The articles of association were filed in the office of the secretary of state on the fourteenth. That the check was drawn to Emmons, treasurer, does not affect the validity of the payment. True Emmons was not elected treasurer till the subsequent organization of the company. But he was a director of the company, and the payment was made to him as such, for the use of the company and as a payment on the subscription.

The misdescription of Emmons, if such there was, would not vary the actual effect of the transaction. The substantial question is, whether the delivery of the certified check was a good payment in cash, within the meaning of the statute. This court in the Starin case * has decided that question adversely to the appellant and held the payment good. It is not necessary to review the opinion delivered by Justice PRATT in that cause, nor to add to the reasons there given for the decision. It is true that a certified check is not a legal tender, and that also it does not operate to transfer the fund itself to the drawee, but it is the common manner in which, by the assent of parties, payments of large sums of money are made. Where there is no intent to evade the statute or make a colorable or fictitious payment, we think a payment made in good faith in the ordinary business manner in which cash obligations are discharged, should be held a payment in cash. Here the certifying bank was a solvent city bank and the drawer had sufficient funds to pay the check, nor are the authorities in conflict with this view. In *Durant* v. *Abendroth* (69 N. Y., 148), it was held that

---

* *Matter of Staten Island Rapid Transit Railroad Company, to acquire Lands of Starin* (reported 37 Hun, 422).— [REP.

the payment by check of the capital of a special partnership was bad. But in that case the check was post-dated eight days, and uncertified, and, as the court says, could not have been certified until it became due. In the *Metropolitan Bank* v. *Sirret* (97 N. Y., 320) a verdict for the defendant was sustained where the payment of the special capital was made by a certified check. In that case the check was deposited on the day the affidavit was made. If, therefore, the deposit was made by Emmons on the fourteenth, the case cited would be decisive in favor of the validity of the payment. But if the check were not deposited till the fifteenth, we think this would not alter the transaction. The appellants claim that such deposit would convert the check into cash. This is true only in a limited sense. It would simply effect the change of a claim against one bank into a claim against another. The characteristics of the two claims would differ, but still both cases would be simply matters of credit. Doubtless, if it were shown that there was any understanding that the check should not be drawn or deposited, or the funds not be immediately and absolutely subject to the disposition of the corporation, such an agreement would vitiate the payment, but nothing of that character appears in this case.

The discrepancy between the names signed to the articles of incorporation and those appearing in the acknowledgement seems a clerical error, and should not vitiate the incorporation of the petitioner. There is nothing to show that the subscription of any of the incorporators was conditional. They would be liable absolutely on their subscriptions. No improper issue of stock can be inquired into in these proceedings, if it appears that valid subscriptions to the extent of $10,000 a mile have been made and ten per cent thereon paid in cash. This is sufficient under the statute to authorize the company to condemn land.

We think, therefore, the petitioner was entitled to maintain these proceedings, and that the order appealed from should be affirmed, with costs and disbursements.

Present — DYKMAN, PRATT and CULLEN, JJ.

Order appointing commissioners affirmed, with costs.