(33 App. Div. 235.)

COLUMBIA BANK v. BEROLZHEIMER et al.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

PARTNERSHIP—DISSOLUTION—RENEWAL.
>    If a limited co-partnership has once ceased to exist, by the expiration of the period named in the agreement and certificate, no matter for how short a space of time, it cannot thereafter be continued by the subsequent filing of a renewal certificate, and if the business is continued the special partner becomes a general partner.

Appeal from judgment on report of referee.

Action by the Columbia Bank against Henry Berolzheimer and another. From a judgment on the report of a referee dismissing the complaint as to one defendant, the bank appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Julius J. Frank, for appellant.
Joseph H. Choate, for respondents.

McLAUGHLIN, J. On the 20th of August, 1888, the defendants entered into an agreement for the purpose of forming and continuing, until July 15, 1889, a limited co-partnership under the name of "Max Schoenthal," and in pursuance thereof a few days later proceedings were taken under the statute necessary to accomplish that object. In the certificate filed the defendant Schoenthal was described as the general, and the defendant Berolzheimer as the special, partner, and the period therein fixed for the continuance of the co-partnership was the same as that stated in the agreement. The firm at once entered upon the prosecution of the business for which it was formed, and continued the same until it made a general assignment for the benefit of creditors, about November 1, 1892. On the 15th day of July, 1889, the co-partnership was not renewed or continued, and no effort was made to that end until the 8th of August following, or 24 days after the expiration of the time fixed in the certificate above mentioned for its termination, when a renewal certificate was filed, which stated that the firm was renewed, and was to continue until the 15th of July, 1892. On the 15th of July, 1892, no effort was made to renew or continue the firm, but on the 28th of that month an attempt was made to do so by filing a renewal certificate, in which was incorporated a statement that the parties had theretofore "formed a limited co-partnership." not on the 24th of August, 1888, but "on the 15th day of July, 1889," and that said co-partnership was renewed and was to continue until the 15th day of July, 1894. On the 17th day of October, 1892, the plaintiff loaned to this firm $10,000, for which it gave its promissory note, payable 10 days later. The note was not paid, and on or about the day that it fell due the firm made a general assignment for the benefit of creditors. The plaintiff then instituted this action to recover the amount of the note, and sought to hold both defendants liable on the ground that the firm of "Max Schoenthal," at the time the note was given, was a general, and not a limited, co-partnership. The

defendant Berolzheimer resisted payment principally upon the ground that he was a special, and not a general, partner, and therefore not liable. The issues formed by the pleadings were sent to a referee to hear and determine, and, after hearing the evidence, he gave judgment against Schoenthal, but dismissed the complaint as to Berolzheimer, holding that the co-partnership was a limited one, in which Berolzheimer was a special partner, and therefore not personally liable to the plaintiff on the note in suit. From the judgment entered on the report of the referee the plaintiff has appealed from so much and such part of it as dismissed the action against Berolzheimer.

We are of the opinion that the learned referee erred in dismissing the complaint. A limited co-partnership exists, if at all, solely by virtue of the statute. It is unknown to the common law. Therefore one who seeks, by virtue of the statute, to limit his liability, must see that every provision of it is strictly complied with. A failure in any respect to comply with the statute, either in the formation or in the renewal of a limited co-partnership, deprives the special partner of the protection sought to be obtained. Thus, it has been held, where a special partner contributed the capital to be contributed by him by a post-dated check, that this did not comply with that provision of the statute requiring the contribution to be in cash. Durant v. Abenroth, 68 N. Y. 148, 97 N. Y. 132. It has also been held that a contribution in credits is insufficient. Van Ingen v. Whitman, 62 N. Y. 513. Also a contribution in goods. Haviland v. Chase, 39 Barb. 283. These authorities have no direct bearing upon the question here presented, except in so far as they indicate the views heretofore expressed by our courts as to the necessity of complying strictly with the statute in the formation of a limited co-partnership. But the necessity of complying with the statute in the formation of a limited co-partnership is no greater than it is in the renewal or continuance of one when formed. The statute in reference to renewals (1 Rev. St. p. 764, § 11) provides as follows:

"Every renewal or continuance of such partnership beyond the time originally fixed for its duration shall be certified, acknowledged and recorded and an affidavit of a general partner be made and filed, and notice be given in the manner herein required for its original formation; and every such partnership which shall be otherwise renewed or continued shall be deemed a general partnership."

In the case at bar the limited co-partnership was formed on the 24th of August, 1888, and it was, not only by agreement, but by the express terms of the certificate filed, to terminate on the 15th day of July, 1889. And it terminated on that day. It then died, and it thereafter was beyond the power of legal resurrection. It could not be renewed or continued 24 days after it had ceased to exist. Once a limited co-partnership has ceased to exist,—once the continuity is broken, no matter for how short a space of time, —it cannot thereafter be renewed or continued. Andrews v. Schott, 10 Pa. St. 47; Manufacturing Co. v. Haddock, 16 Wkly. Notes Cas. 96. In order to renew, action must be taken at or

prior to the time fixed for its termination. Something must be done before it passes out of existence; the continuity must not be broken. A corporation ceases to exist at the expiration of the time specified in its charter (Sturges v. Vanderbilt, 73 N. Y. 384), and a limited co-partnership ceases at the time mentioned in the certificate, unless it be renewed at or prior thereto. In this case the co-partnership was not renewed at or prior to the 15th day of July, 1889, when, as we have already seen, it expired by limitation; and, it not having been renewed or continued, it follows that the special partner became liable as a general one for all the debts contracted by the firm thereafter. At the time the note in suit was executed and delivered by the firm to the plaintiff, the defendant Berolzheimer was a general partner, and, as such, liable for the payment of the same. The referee, therefore, erred in dismissing the action as to him, and for such error the judgment, or so much thereof as was appealed from, must be reversed, the referee discharged, and a new trial granted. with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.