## ABENDROTH *v.* VAN DOLSEN.

ERROR TO THE CITY COURT OF NEW YORK.

No. 229. Argued April 12, 13, 1889. — Decided May 13, 1889.

The connection of the plaintiff in error with the partnership of Griffith & Wundram was not a matter in issue in the proceedings in bankruptcy against that firm.

An adjudication of the bankruptcy of a firm, and of the members in whose name the firm was doing business, in a bankrupt proceeding affecting them alone, to which a special partner was not a party, does not estop a copartnership creditor from setting up the liability of such special partner, imposed upon him by the statute, for non-compliance with its provisions.

A special partner in a partnership, who is not a party to proceedings in bankruptcy against the partnership and the general members of it, is not entitled to the stay of proceedings provided for in Rev. Stat. § 5118, until the question of the debtor's discharge shall have been determined.

A discharge of two general partners in bankruptcy cannot be set up in favor of a special partner in an action against the three as general partners on the ground that the special partner has made himself liable as a general partner.

THE case is stated in the opinion.

*Mr. William H. Arnoux* for plaintiff in error.

*Mr. Carlisle Norwood, Jr.*, for defendants in error.

Mr. Justice Lamar delivered the opinion of the court.

This writ of error brings before the court for review a judgment of the Court of Common Pleas for the city and county of New York, affirming, on appeal, a judgment of the City Court of New York. The former is, under the New York Code of Civil Procedure, the highest court of the State to which a decision of the latter court may, as a matter of right, be carried by appeal for reversal or affirmance. The Federal question involved relates to the construction of the Bankrupt Act of March 2, 1867.

On the 18th of June, 1877, the defendants in error filed in the Marine Court of the city of New York, now known as the City Court of New York, a complaint against William P. Abendroth, John Griffith and George W. Wundram, in which they alleged "that at the times hereinafter mentioned the defendants were copartners in business, carrying on such business in the city of New York under the firm name and style of Griffith & Wundram; that on or about the 7th day of August, 1872, at the city of New York, the said defendants, in and under their said firm name of Griffith & Wundram, made their certain promissory note in writing, bearing date on that day, whereby they promised, three months after the date thereof, to pay to the order of Van Dolsen & Arnott, these plaintiffs, the sum of nine hundred $\frac{32}{100}$ dollars, and thereupon delivered said note to these plaintiffs; that plaintiffs are the holders and owners of said note, and the said note is wholly unpaid; wherefore plaintiffs demand judgment against the defendants for the sum of nine hundred $\frac{32}{100}$ dollars, with interest from the 10th day of November, 1872, and for the costs of this action."

The defendant Abendroth alone appeared and filed his answer, which, after denying the partnership as alleged in the complaint, set up as a further defence that it was a limited partnership under the name of Griffith & Wundram, of which Griffith and Wundram were the general partners and he a special partner only, and as such special partner entitled, under the statutes of New York, to exemption from liability for engagements of the firm as a general partner.

For a third defence he-pleaded, in bar and abatement, that, prior to the commencement of the suit, certain bankruptcy proceedings had been instituted in the District Court of the United States for the Southern District of New York, in bankruptcy, wherein an adjudication of bankruptcy of the said firm of Griffith & Wundram was duly rendered by said court, and wherein it was also declared and adjudged that said John Griffith and George W. Wundram, the bankrupts in said bankruptcy, were the general partners, and the defendant, Abendroth, was the special partner thereof.

The case was tried before a jury, which, under the direction of the court, found in favor of the plaintiffs for the amount claimed, with interest, and judgment was entered accordingly. Upon appeal the judgment was affirmed. To reverse that affirmance this writ of error was sued out.

From the evidence in this case it appears that, on the 23d of December, 1870, Abendroth, Griffith and Wundram formed a limited partnership under the statutes of New York, under the firm name of Griffith & Wundram, in which Griffith and Wundram were designated the general partners and Abendroth the special partner. All the requirements of the statute, as to the signing and publication of the articles, filing of the certificate and affidavit and publishing the same, were strictly complied with, except that the capital contributed by the special partner was not paid in cash, as stated in the affidavit, but by a post-dated check payable eight days after its execution, and cashed in ten days from its date, the day after the firm went into business. Such misstatement in the affidavit was held by the Court of Appeals of that State to render the special partner liable as a general partner for the engagements of the firm, under the following provision of the statute authorizing the formation of limited partnerships:

"And if any false statement be made in such certificate or affidavit all the persons interested in such partnership shall be liable for all the engagements thereof as general partners."

On the 30th of November, 1872, Wundram presented his petition in bankruptcy to the District Court of the United States for the Southern District of New York, setting forth

that he was a member of the copartnership consisting of himself and John Griffith, carrying on business under the firm name of Griffith & Wundram within that judicial district; that the members of said copartnership were, jointly and severally, unable to pay their debts; and with the other averments usual in such petitions. The usual schedules were annexed to the petition. No mention was made of Abendroth in the petition, but in the schedule he was stated to be one of the creditors of the firm, as were also the defendants in error here, Van Dolsen & Arnott. Upon this petition an order was issued requiring Griffith to show cause, etc. It contained no reference to Abendroth, and was not directed to him nor served upon him. After due proof of service on Griffith, the adjudication in bankruptcy was made in these words: "It is adjudged that John Griffith and George W. Wundram and the copartnership of Griffith & Wundram became bankrupt . . . before the filing of the petition, and they are therefore declared and adjudged bankrupts accordingly."

It is proper to note here that in this adjudication there is no reference to Abendroth as a partner, either general or special; and no designation of the firm as a limited partnership. The usual warrant of seizure of the estate of the bankrupt, the assignment of assets to the register in bankruptcy, the notice to creditors, and the first meeting of the creditors, all followed in the regular order of such proceedings. Abendroth was chosen by the creditors as assignee in bankruptcy, and accepted the office, with the approval of the judge. Upon the face of the return it appears that Van Dolsen and Arnott did not take any part in the selection of the assignee. At the second meeting of the creditors Joseph McDonald & Co., creditors of the bankrupts, presented a petition to the register in bankruptcy, setting forth that two days before the filing of the petition in bankruptcy certain of the creditors had agreed to sell their claims to Abendroth at twenty-five cents on the dollar, had afterwards proved their debts in bankruptcy, and had then assigned the same to Abendroth. They asked that Abendroth should not receive any dividend upon said assigned claims, and that the proof of them should be expunged, and the claims disallowed.

An order was made for a hearing on the petition before the
register, five days' notice being first given to the creditors
whose claims were thus opposed. Van Dolsen and Arnott
were not among such creditors, and it is not contended that
they received the notice above mentioned. The register hav-
ing heard the case, made his report to the bankruptcy court,
in which he presented the questions that came before him;
among others, whether the debts assigned to Abendroth should
be disallowed because he was a special partner in the bank-
ruptcy firm, the petitioners relying upon a provision of the
statutes of New York, in relation to limited partnerships, that
no special partner, except in particular cases, therein specified,
could be allowed to claim as creditor, in case of the bankruptcy
of the partnership, until the claims of all the other creditors
of the partnership should be satisfied. The register reported
his opinion to be that, in respect to these assigned claims,
Abendroth stood in the shoes of his assignors, and was a cred-
itor as their representative, and in no other character. Upon
this report of the register, the judge of the District Court
adjudged that Abendroth was entitled to receive a dividend
on the assigned claims, and that they ought not to be expunged
or diminished. It appears that Abendroth and McDonald &
Co. have both proved debts, but that Van Dolsen and Arnott
were not among the creditors making such proofs.

The counsel for plaintiff in error does not contend that this
court should disregard the construction which the courts of
New York have given to the statutes of that State authorizing
the formation of limited partnerships; nor does he deny that
Abendroth incurred, at the formation of the partnership, a
statutory liability for the debts of the firm, by the misstate-
ment in the affidavit respecting the time and manner of put-
ting in his capital as a special partner. But he contends that
the plaintiffs are estopped from setting up this liability by the
proceedings in bankruptcy, above recited, which he claims had
the effect of an adjudication binding upon them that no such
liability existed. This contention involves two propositions:
first, that as Wundram's petition against Griffith alleged that
the two, Griffith and Wundram, composed the firm, it clearly

meant that they were all of the copartners; and that accordingly the adjudication must be held to have been an adjudication of the fact that Abendroth was not a member of the firm.

We have seen that through the entire proceedings in bankruptcy, from the inception to the adjudication, inclusive, nothing appears affirmatively or negatively with regard to Abendroth's membership of the firm, no reference to him of any kind in the adjudication, and nothing in regard to him, except as a creditor in the schedule annexed to the petition. We concur in the opinion of the court below that the connection of Abendroth with the partnership was not a matter in issue, nor a point in controversy upon the determination of which the adjudication was rendered.

An adjudication in bankruptcy partakes in part of the nature of a judgment *in rem*, and in part of the nature of a judgment *in personam*. With regard to the estate of the bankrupt debtor, which has been by the court's warrant of seizure, or by the surrender of the debtor, brought within the possession and jurisdiction of the court, its orders, decrees, and judgments as to the right and title to the property, or as to the disposition of it among the parties interested, are binding upon all persons and in every court. As a determination of the legal status of the bankrupt, or of the relations of the creditors to both, its judgment is conclusive in all courts where it is pleaded. But as a determination of the legal status of a person not a bankrupt, and who was not a party to the proceeding, and whose status as a bankrupt has never been a question before the court, it unquestionably is not binding upon any person not a party to such proceeding. In the cases cited by the counsel for plaintiff in error, the adjudication either determined the legal status of the bankrupt debtor or related to the bankrupt estate brought within the jurisdiction of the court. In this case the petition neither asserted nor denied that Abendroth was a member of the bankrupt firm. No process was served upon him to show whether he was or was not such member; nor did he himself voluntarily appear and petition to be declared the one or the other.

In our opinion an adjudication of the bankruptcy of a firm,

and of the members in whose name the firm was doing business, in a bankrupt proceeding affecting them alone, to which a special partner was not a party, does not estop a copartnership creditor from setting up the liability of such special partner imposed upon him by the statute for non-compliance with its provisions.

The second ground involved in the contention of the plaintiff in error is, that there was, in the subsequent proceedings before the register, an express adjudication that Abendroth was a special partner and not a general partner; and that this adjudication was binding upon all the creditors, including the plaintiffs below in this action. We think this contention untenable. The question before the register in that proceeding was, whether the proof of the claims referred to should be expunged, and the dividends upon them disallowed to Abendroth. In his report to the court he expresses his opinion to be that neither the fact that Abendroth was the assignee in bankruptcy, nor the fact that he was a special partner in the firm, precluded him from drawing his share of dividends in the claims referred to. This was certainly not an adjudication by the court that he was a special partner. The district judge in the order made by him did not pass on any question discussed in the report of the register, except his conclusion that the claims assigned to Abendroth, as aforesaid, ought not to be expunged or diminished, and that he was entitled to the dividends on them; and he so ordered. The order, relating as it did exclusively to a question as to the distribution of the assets of the firm, contained no feature of an adjudication with respect to Abendroth's copartnership. Indeed, it is manifest from an examination of the register's report that he did not consider that the question as to whether Abendroth was or was not a special partner had any material bearing on the question as to how the money in the hands of the assignee should be distributed among the creditors. In either case he considered that the claim should not be expunged or diminished. But even if, for the sake of argument, we concede that this last order of the judge was in effect an adjudication that Abendroth was a special partner, there is nothing in the judg-

ment of the court below which denies its validity. The latter judgment also holds Abendroth to be a special partner, and as such liable, under the statute, in the same manner that he would be if he were a general partner. This is shown in the opinion of the court, which very properly holds that the statute, in fixing this liability on account of non-compliance with its provisions, does not change his special partnership into a general one, but simply makes him liable as a general partner to creditors. All his relations to his copartners, and their obligations growing out of their relation to him as a special partner, remain unimpaired. If before the firm became bankrupt he had been, under his statutory liability, forced to pay a bill or note, or other general debt of the firm, he would have been entitled to indemnity from his partners, and could have recovered back from them the amount, with legal interest thereon. The view presented by the Court of Appeals of New York upon this point, in the case of *Durant* v. *Abendroth*, 97 New York, 132, 144, is clear and satisfactory:

"Notwithstanding the erroneous statement in the affidavit as to the payment of the capital, the partnership was, in form, a limited partnership, and subject to all the rules applicable to such partnerships. If it had undertaken to make an assignment with preferences, such assignment could not have been sustained on the ground of the violation of the statute. That violation could be taken advantage of only by creditors, and its consequence simply was to give them recourse against the special partner personally, as if he had been a general partner."

Another ground relied on for reversal is, that the pendency of the proceedings in bankruptcy is a good plea in abatement of this action. Section 5106 of the Revised Statutes, cited in support of this proposition, formerly § 21 of the act of March 2, 1867, c. 176, 14 Stat. 526, provides that "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the deter-

mination of the court in bankruptcy on the question of the discharge."

It is only necessary to say that Abendroth was in no sense the bankrupt in those proceedings, nor was he endeavoring to obtain his discharge as a bankrupt debtor in any proceedings in bankruptcy pending at the time this action was commenced. He is not entitled, therefore, to any stay of proceedings which the statute, by its own express terms, provides exclusively for the protection of the bankrupt.

The only remaining point relied on by plaintiff in error as a ground for reversal of the judgment below is, that the defendants were sued in the action as general partners, and the judgment in favor of the plaintiffs determined that they were general partners; and that the adjudication in bankruptcy of Griffith and Wundram was a judgment against the two partners, which is a bar to any action subsequently brought by the creditor against the two defendants as such general partners. Against this view there is, we think, an insuperable objection. By § 5118 of the Revised Statutes, formerly § 33 of the act of March 2, 1867, c. 176, 14 Stat. 533, the rule of the common law, as declared by this court in *Mason* v. *Eldred*, 6 Wall. 231, that a judgment against one upon a contract, merely joint, of several persons, bars an action against the others on the same contract, is rendered entirely inapplicable to adjudications in bankruptcy. That section provides: " No discharge shall release, discharge, or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise."

If the discharge of the two bankrupt partners, which is the final judgment in the proceedings, cannot estop the creditor from afterwards setting up the liability of the third partner for the joint debt, clearly the other and previous adjudication in the course of the proceedings cannot be held to have that effect. Though the action in the court below was brought against the three defendants, the jury was directed by the court to render its verdict against Abendroth alone, and the judgment was entered up against him alone, thus fully recognizing the

validity and force of the adjudication of bankruptcy of the other two partners. This form of action for enforcing the liability of a special partner, imposed by the statute of New York, has been decided by the New York Court of Appeals to be the proper one in the cases of *Durant* v. *Abendroth*, 97 N. Y. 132; *Sharp* v. *Hutchinson*, 100 N. Y. 533, and *Durant* v. *Abendroth*, 69 N. Y. 148. We think these decisions are correct.

The judgment of the court below is          *Affirmed.*

MR. JUSTICE BLATCHFORD took no part in the decision of this case.