## EFFECT OF BANKRUPTCY OF A JUDGMENT DEBTOR UPON OTHER JOINT DEBTORS.

Circuit Court of Lorain County.

JAMES B. SEWARD, ADMINISTRATOR, v. FRANK R. FAUVER ET AL.*

Decided, September 28, 1910.

*Joint Judgment Against Three—Bankruptcy of One—Revivor Against Other Two.*

In proceedings to revive a joint judgment against three makers of a promissory note, the discharge in bankruptcy of one of them from his indebtedness thereon is no defense to a revival of the judgment against the other two, notwithstanding the debt was not proved up in the bankruptcy proceedings, there being no assets of the bankrupt for distribution to his creditors.

*Fritz Rudin,* for plaintiff.
*F. M. Stevens,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This case is here on appeal. The facts are that on the 5th of March, 1906, George H. Arnold recovered a judgment in the court of common pleas of this county against all three of these defendants. No part of that judgment has ever been paid, and, Arnold having died, the administrator of his estate brings this suit to have judgment revived in his name.

The judgment was founded upon a promissory note, which reads:

"ELYRIA, O., June 8, 1904.

$2,800.   January 1st, 1907, after date, we promise to pay to the order of George H. Arnold twenty-eight hundred and no 100 dollars. This not does not draw interest. Value received.

"JOHN C. KOEPKE,
"FRANK R. FAUVER,
"ROLLIN H. SPRAGUE."

On the 9th day of November, 1907, the defendant, John C. Koepke, upon proper proceedings and upon his own petition,

*Affirmed without opinion, *Fauver* v. *Seward,* 85 Ohio State, 466.

was discharged in bankruptcy in the District Court of the United States for the Northern District of Ohio. This judgment was included in the schedule of debts filed in the bankruptcy proceedings, so that Koepke was discharged from this indebtedness by such proceeding. The claim was not proven in the bankruptcy proceedings. The schedules in bankruptcy showed, however, that the bankrupt had no assets other than such as were exempt by law and he made his claim for exemptions, which were allowed; so that the proving up of any claim in the bankruptcy proceedings would have been a vain thing, the schedules themselves showing there was nothing with which to pay anybody.

The defendants Fauver and Sprague claim to be discharged, because they say that the discharge of Koepke was a discharge and release of them, and they make in their brief and in oral argument the claim that this was a joint note and not joint and several, and that the judgment in any event was a joint judgment, and that it being a joint judgment, not joint and several, the discharge of the one discharges all, and in any event that they are only liable for an aliquot part of the indebtedness; and they cite some authorities which, at least, it is claimed sustain them in this. But we regard it as absolutely indifferent whether this note made a joint and several indebtedness or a joint indebtedness; the judgment was a joint judgment, and that is what is sought to be revived.

It is said that the release was a voluntary release and is that kind of a release, of course, which they claim would be a release of them, because no proof was made in the bankruptcy proceeding of this debt; but we think this matter is absolutely and completely settled by the bankruptcy statute itself as it reads in plain words and as it has been construed by the Supreme Court of the United States.

In the case of *Abendroth* v. *Van Dolson,* 131 U. S., 661, reading from the opinion on page 7, the court say:

"The only remaining point relied on by plaintiff in error as a ground for reversal of the judgment below is, that the defendants were sued in the action as general partners, and the judgment in favor of the plaintiffs determined that they were

general partners; and that the adjudication in bankruptcy of Griffith and Wandram was a judgment against the two partners, which is a bar to any action subsequently brought by the creditors against the two defendants as such general partners. Against this view there is, we think, an insuperable objection. By Section 5118 of the Revised Statutes, formerly Section 33 of the act of March 2, 1867 (and which is now Section 16 of the Bankruptcy Act of 1898), the rule of the common law, as declared by the court in *Mason* v. *Elred*, 6 Wall., 231, that a judgment upon a contract, merely joint, against one of several persons, bars an action against the others on the same contract, is rendered entirely inapplicable to adjudications in bankruptcy. That section provides: 'No discharge shall release, discharge or affect any person liable for the same debt for or with the bankrupt, either as partner, joint contractor, indorser, surety, or otherwise.'

"If the discharge of the two bankrupt partners, which is the final judgment in the proceedings, can not estop the creditor from afterwards setting up the liability of the third partner for the joint debt, clearly the other and previous adjudication in the course of the proceedings can not be held to have that effect. Though the action in the court below was brought against the three defendants, the jury was directed by the court to render its judgment against Abendroth alone, and the judgment was entered up against him alone, thus fully recognizing the validity and force of the adjudication of bankruptcy of the other two partners."

Applying that to this case, and the language can not be stronger than the language of the act itself, that it shall in nowise affect any release of any joint debtor, the judgment of the court will be that the judgment sought to be revived is revived as against Fauver and Sprague.