# H. C. Cockburn et al. v. Lewis P. Hightower, Chief Justice, et al.

Motion No. 10069.   Decided June 1, 1932.
(52 S. W., 2d Series, 365.)

*Robert L. Sonfield,* and *Barkley & Webb,* all of Houston, for relators.

Mr. Judge SHORT of the Commission of Appeals delivered the opinion for the court.

The relators, H. C. Cockburn and C. E. Gates, have filed a motion asking leave to file an application for a writ of mandamus to issue to the members of the Court of Civil Appeals of the Ninth District and to the clerk thereof, as well as a writ of prohibition prohibiting them from taking any action in a

certain cause on the docket of said court, pending a determination of the proceedings for the issuance for the writ of mandamus.

There was a consolidation of two suits tried in one of the district courts of Harris County and a final judgment entered in favor of the plaintiff in those suits for certain sums of money against certain defendants. The motion for a new trial having been overruled the defendants in that consolidated suit prosecuted an appeal to the Court of Civil Appeals and among other things filed a supersedeas bond with the relators, Cockburn and Gates, as sureties.

On June 18, 1931, the Court of Civil Appeals at Beaumont rendered its judgment reversing the judgment of the trial court as to some of the appellants and, as to others, affirmed it. This judment of affirmance omitted the rendition of any judgment against these relators as sureties on the supersedeas bond. On October 4, 1931, the term of court at which the above judgment in said cause was rendered, had expired and on January 28, 1932, the plaintiff in the original suit, who was the defendant in error in the Court of Civil Appeals, filed in the latter court what he terms "motion of defendant in error, Ples B. Kinnerly to correct entry of judgment on minutes" wherein he prayed that the judgment of the Court of Civil Appeals entered on June 18, 1931, be corrected nunc pro tunc so as to give a judgment against the relators herein as sureties on said supersedeas writ of error bond.

On January 24, 1932, the Court of Civil Appeals at Beaumont granted the motion and amended its prior judgment nunc pro tunc so as to have the judgment recite a recovery against the relators herein as sureties on the supersedeas bond.

An effort was made by filing an application for rehearing to have this latter order of the court set aside. This application was overruled.

It is the contention of the relators that by reason of the fact that the term of court at which the original judgment entered herein had expired, the Court of Civil Appeals did not have the jurisdiction or authority to amend the original judgment so as to include a judgment against the relators as sureties on the supersedeas bond, contending that the charge so made amounts to the rendition of a new judgment which the court was without authority to do.

■ The legal question presented is whether the action of the Court of Civil Appeals, of which complaint is made, is in the

nature of a judicial act or whether it is a mere ministerial one. If the former, then under the decisions, the power of the Court of Civil Appeals to alter its final judgment, rendered at a previous term had expired when the action was taken of which complaint was made. If the latter, then the court had the power to do what it did do. We have concluded that when the court rendered judgment against the principals for the moneys adjudged the law then fixed the liability of the sureties on the supersedeas bond and the mere failure of the court to take cognizance of the facts shown by the record without dispute and to enter judgment, which the law itself, under the facts shown by the record, declared should be rendered was a mere failure to do a ministerial act, and there was nothing left for the court to do of a judicial nature.

■ The relators correctly assert that the Court of Civil Appeals is without authority to correct or alter a judgment after the expiration of the term in which it was rendered. They contend that the judgment rendered in June, 1931, is the final judgment and then make the correct statement that no final judgment can be amended after the term at which it was rendered had expired or after it otherwise had become a final judgment. In other words, the relators claim that the power to render judgment against the sureties on the supersedeas bond, which the court might have done, and in fact which the law compelled it to do, had the effect, when the term had expired, to deprive the court of the power to do what the law had directed it to do, but which it had failed to do through omission.

The relators quote Freeman on Judgments, 5th Edition, vol. 1, p. 273, the following:

"The general power to correct clerical errors and omissions does not authorize the court to repair its own inaction, to make the record and judgment say what the court did not adjudge, although it had a clear right to do so. The court cannot under the guise of correcting its record put upon it an order or judgment it never made or rendered, or add something to either which was not originally included although it might and should have so ordered or adjudged in the first instance. It cannot thus repair its own lapses and omissions to do what it could legally and properly have done at the right time. A court's mistake in leaving out of its decision something which it ought to have put in, and something in issue of which it intended but failed to dispose, is a judicial error, not a clerical mis-

prision, and cannot be corrected by adding to the entered judgment the omitted matter on the theory of making the entry conform to the actual judgment rendered. So if a solicitor inadvertently omits from a decree some clause which he intended to insert, and presents the decree to the judge, who adopts it as a judgment of the court, this is no ground, for an amendment, for the facts do not show that the court intended to pronounce any different decree from the one prepared by the solicitor; and to change the record would be equivalent to exercising a revisory power over the judgment itself by the same authority that pronounced it."

We have stated the position of the relators as strongly as it can be stated, and yet we are convinced that what the Court of Civil Appeals did in this matter did not involve the exercise of any judicial discretion, and that when it had rendered a money judgment against the principals the mere failure to declare that the sureties were equally liable did not deprive the court of the power at any time to have the minutes express what the record, under the law, demonstrated to be the fact, which in this instance, was that the principals having been adjudged to be due a certain sum, their sureties under the provisions of the bond which was part of the record, became equally liable.

■ Article 1857, R. S., 1925, provides that the Court of Civil Appeals, when it affirms the judgment of the court below, "shall render judgment against the appellant or plaintiff in error and his sureties on the appeal bond subject to such disposition as to cost on said appeal as said court may order." The exercise of this power by the Court of Civil Appeals, under the conditions named, appears to be mandatory. In other words, it appears that when a Court of Civil Appeals affirms the judgment of a lower court it, by virtue of the statute, is compelled to render judgment against the appellant, or plaintiff in error and his sureties on the appeal bond and we construe the words "appeal bond" to include any bond which has had the effect to perfect the appeal, including a supersedeas bond, as well as a bond for cost. But the judgment against the sureties must be determined by the provisions of the bond.

While this exact question was not decided by the Supreme Court in Wichita Falls, R. & F. S. R. Co. v. Combs, 115 Texas, 405, 283 S. W., 135, the facts in that case being different from the facts in this case, yet the principle in the case cited is the

same as in the case at bar, since it appeared that the Supreme Court rendered a judgment not only against the principal but also against his sureties on the cost bond for the amount of the judgment, including principal and interest, as well as cost, this having been done by inadvertence. When the matter was called to its attention at the next term of the court, by the sureties on the cost bond, the Supreme Court assumed jurisdiction to correct the error, holding that the record itself was sufficient to show the error to have been a patent one and the action in rendering judgment against the sureties for the amount of the judgment was not authorized by the bond. This erroneous judgment was entered January 28, 1925. The order correcting the error was made April 14, 1926. That term of the Supreme Court adjourned on the last Saturday in June, 1925, and while the reported opinion does not disclose the date of the filing of the motion, filed by the sureties, we have examined the original papers and find that this motion was filed on the 19th day of October, 1925, which was at the next regular term of the Supreme Court. The motion to file the application for the issuance of the writ of mandamus must be denied and it is accordingly so ordered.

The opinion of the Commission is adopted and the motion for leave to file petition for mandamus is overruled.

C. M. CURETON, Chief Justice.