## CARTER REAL ESTATE & DEVELOPMENT, INC., Appellant,

v.

## BUILDER'S SERVICE COMPANY, Appellee.

### No. 14571.

Court of Appeals of Texas, Austin.

Oct. 1, 1986.

William H. Ervine, Jr., Ervine & Stout, San Angelo, for appellant.

Jamie R. Wall, Darby, Sterling & Wall Associates, San Angelo, for appellee.

POWERS, BRADY and CARROLL, JJ.

### ORDER

POWERS, Justice.

Builder's Service Company recovered in the trial court a money judgment against Carter Real Estate & Development, Inc., together with a decree foreclosing a statutory lien held by Builder's against a certain parcel of land in Tom Green County, Texas. Carter Real Estate & Development, Inc. appealed to this Court, assigning various errors in the trial-court judgment. In an unpublished opinion, we affirmed the judgment of the trial court on April 16, 1986. Thereafter, three motions were filed in this appeal and these have now come on for our consideration.

### THE MOTIONS

On April 25, 1986, Builder's filed Motion No. 20,450, requesting that we "correct" our judgment of April 16, 1986 to conform with the requirements of Tex.R.Civ.P.Ann. 435 (1985); specifically, that we amend our judgment by including within its terms the two sureties on a supersedeas bond filed in the trial court by Carter Real Estate & Development, Inc. as principal and judgment debtor.

On April 30, 1986, Robert M. Kunczt filed Motion No. 20,459, requesting that he be substituted as counsel of record for Carter Real Estate & Development, Inc.

On May 9, 1986, Carter Real Estate & Development, Inc. filed Motion No. 20,480,

declaring that it had filed "in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division," a petition for reorganization under the bankruptcy laws; and, in consequence "all further proceedings against [the corporation] are automatically stayed pursuant to federal law." In its motion, Carter Real Estate & Development, Inc. prayed for general relief and that we "stay all further proceedings against" it. It appears undisputed that this motion refers to a petition filed by Carter Real Estate & Development, Inc. on May 5, 1986, after our judgment, requesting "relief under 11 U.S.C. Chapter 11...."

## DISCUSSION AND RULINGS

There being no controversy with regard to Kunczt's motion to be substituted as counsel of record for Carter Real Estate & Development, Inc., we grant the relief requested in Motion No. 20,459, ordering that he be substituted as counsel of record in lieu of previous counsel on appeal for Carter Real Estate & Development, Inc. We shall discuss together the two remaining motions.

Carter Real Estate & Development, Inc. contends that we may not amend our judgment, as requested by Builder's, to bring the sureties within the terms of the judgment. It argues that we are precluded from doing so by the terms of 11 U.S.C.A. § 362(a)(1) (Supp.1986). That statute provides that the filing of a petition in bankruptcy "operates as a stay ... of" the following proceedings:

> (1) the commencement or *continuation,* including the issuance or employment of process, of a judicial ... action ... *against the debtor* that was or could have been commenced before [the filing of the petition in bankruptcy].

(Emphasis added.)

On its face at least, § 362(a)(1) thus abates automatically the continuation of any judicial action, including the issuance of process, against a "debtor." The word "debtor" is defined in the bankruptcy statute to mean the petitioner in the bankruptcy proceeding, whether he seeks discharge or rehabilitation. *See* 11 U.S.C.A. § 101(12) (1979) and accompanying notes. Thus, the sureties on the supersedeas bond do not fall literally within the protection of § 362(a)(1). May they have such protection by *construction* of § 362(a)(1)? We hold the statute may not be so construed.

*In pari materia* with § 362(a)(1) is 11 U.S.C.A. § 524(e) (1979). That section of the bankruptcy statute provides, with a single exception not applicable here, that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of another entity for, such debt." That is to say, the bankrupt's discharge does not affect the liability of any other person who might also be liable for the debt, the word "entity" being understood to include "person." 11 U.S.C.A. § 101(14) (Supp.1986). Therefore, if the sureties on a supersedeas bond are themselves liable for the same debt as the petitioner in bankruptcy, the petitioner's discharge would "not affect the liability of" the sureties for that debt. *Hill v. Harding,* 130 U.S. 699, 9 S.Ct. 725, 32 L.Ed. 1083 (1889) (discharge of the principal obligor on a bond to dissolve a pre-trial writ of attachment, by a bankruptcy decree, does not discharge the sureties on the bond where under State law they are liable for the same debt); *Plasky v. Gulf Ins. Co.,* 160 Tex. 612, 335 S.W.2d 581 (1960) (insured's discharge in bankruptcy after recovery of tort judgment against him in excess of policy limits, did not discharge insurer's liability under policy for interest on amount of the judgment in excess of policy limits).

From the premise that a co-debtor's discharge in bankruptcy will not affect the other co-debtor's liability, where both are liable for the same debt under State law, the decisions reason that bankruptcy proceedings initiated by one of the debtors will not operate as a stay of judicial proceedings against the other, under a provision in the bankruptcy statutes for automatic stays. *Foust v. Munson Steamship Lines,* 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49 (1936)

(where under State law a liability insurer is held directly liable to the plaintiff in an action against the insured tortfeasor, the latter's petition for reoganization under bankruptcy statute does not automatically stay a tort action against the insurer, in absence of a showing that the tort action will hinder, burden, delay or otherwise operate inconsistently with the reorganization proceeding); *Abendroth v. Van Dolsen,* 131 U.S. 66, 9 S.Ct. 619, 33 L.Ed. 57 (1889) (statutory provision for stay is "exclusively for the protection of the bankrupt," and will not abate automatically a judicial proceeding against a jointly liable limited partner of the bankrupt who is not a part of the bankruptcy proceeding); *Hill v. Harding, supra,* (after defendant has been discharged by bankruptcy decree, State court may nevertheless proceed to render a final judgment against him on his bond given to dissolve a pre-trial writ of attachment, "to enable the plaintiff to charge the sureties, in accordance with the express terms of their contract, and with the spirit" of the provision in the bankruptcy statute that the liability of co-debtors is not affected by the bankruptcy proceeding, provided the State court contemporaneously issues a perpetual stay of execution as to the discharged bankrupt). Thus, the issue reduces to whether the sureties on a supersedeas bond are liable under the law of Texas for the same debt as the principal obligor on such a bond. We think quite clearly they are.

While supersedeas bonds are in some states authorized and governed by statute, in Texas they derive from Tex.R.Civ.P.Ann. 364–368 (1985) and are governed thereby. The purpose of a supersedeas bond is to secure the appellee and abate the remedies he would otherwise have for realizing on his judgment. *Elliott v. Lester,* 126 S.W.2d 756 (Tex.Civ.App.1939, no writ); Restatement of Security §§ 189, 191, at 525–30 (1941); Simpson, *Suretyship,* §§ 97, 100–04, at 457–59, 463–74 (1950). "Suretyship" is defined by the fact that one person has undertaken the obligation of another owed to an obligee *who is entitled to only*

*one performance.* Restatement of Security, *supra,* § 82.

In the case of a judicial bond such as a supersedeas bond, the surety's undertaking is simply an express contract that the surety will, failing a reversal, pay the judgment recovered against the appellant. The appellee or judgment creditor may recover from the surety on his contractual promise, or from the judgment creditor as principal, as discussed at length in *Trent v. Rhomberg,* 66 Tex. 249, 18 S.W. 510 (1886). *See also Lloyds Casualty Insurer v. McGee,* 141 Tex. 384, 174 S.W.2d 314 (1943). But the appellee is entitled to only one performance. So much is evidenced by the sureties' undertaking in the present case, where the supersedeas bond provides:

\* \* \* \* \* \*

WHEREAS, appellant desires to suspend execution of said judgment pending determination of such appeal;
NOW, THEREFORE, CARTER REAL ESTATE AND DEVELOPMENT, INC. ... as principal, and Neal Carter ... and Beth Gonnerman ... as sureties, acknowledge ourselves bound to pay to BUILDER'S SERVICE COMPANY, appellee, the sum of $29,485.56, said sum being at least the amount of the judgment, interest, and costs, plus interest ..., conditioned that appellant shall prosecute the appeal with effect; and in case the judgment of the Supreme Court or the court of Civil Appeals [sic] shall be against him, he shall perform its judgment, sentence or decree and pay all such damages as the Court may award against him.

\* \* \* \* \* \*

The sureties' undertaking is obviously a joint promise to pay, made with Carter Real Estate & Development, Inc.

All three are liable for the same debt. There is no claim or showing that amending our judgment to include the sureties will in any respect hinder, burden, delay, or otherwise operate inconsistently with the federal reorganization proceeding under the bankruptcy laws, to which neither of the sureties is a party so far as we have

been made aware. We conclude and hold, therefore, that we are not forbidden by any provision of the bankruptcy statute from correcting our judgment by bringing within its terms the sureties, Neal Carter and Beth Gonnerman, as we are required to do by the clear and express provisions of Tex. R.Civ.P.Ann. 435 (1985).

There remains, however, one further issue in the appeal. Builder's previously objected to the sufficiency of the supersedeas bond, contending the sureties did not own sufficient property in the county to secure their undertaking. We ordered the filing of a new supersedeas bond with sufficient sureties. This was not done by Carter Real Estate & Development, Inc. The question now arises: May the sureties, Carter and Gonnerman, be held liable on a supersedeas bond that we have previously held was insufficient? We believe they are liable, quite clearly, because the insufficient bond nevertheless accomplished "the very purpose for which it was intended by procuring for the principal obligor" an abatement of the writ of execution that would otherwise have been available to Builder's. *Lloyds Casualty Insurer v. Farrar*, 141 Tex. 497, 174 S.W.2d 302, 303–04 (1943); Restatement of Security, *supra*, § 188, at 522–25. Having received the full benefit of their contract, the sureties "are in no position now to say that they are not bound...." *Lloyds Casualty Insurer v. Farrar*, *supra*, at 307. However, the question of the sureties' liability is not determinable in the present appeal but must await a suit on their bond.

Accordingly, we sustain Builder's Motion No. 20,450, ordering that our judgment of April 16, 1986 be corrected to bring within its terms the two sureties, Neal Carter and Beth Gonnerman; and, we overrule Motion No. 20,480 wherein Carter Real Estate & Development, Inc. prays for an abatement of the appeal on the basis of the bankruptcy petition filed subsequent to our judgment. We order, however, that execution not issue against Carter Real Estate & Development, Inc. during the pendency of the bankruptcy proceeding referred to above. Execution may issue against the sureties.