Opinion issued August 19, 2010

                                                                        

 

 

 

 

 



 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00291-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MICHAEL WHITMIRE AND SURETIES R.O. WHITMIRE AND ELSIE
O. WHITMIRE, Appellants

 

V.

 

GREENRIDGE PLACE APARTMENTS, Appellee

 

 



On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 864701

 

 



OPINION ON REHEARING

          In
this continuing dispute over unpaid rent, the trial court rendered judgment in
favor of Greenridge Place Apartments against Michael Whitmire and sureties R.O.
and Elsie Whitmire, jointly and severally, for $25,000, the amount of the
supersedeas bond posted by the Whitmires, after we affirmed the trial court’s
underlying judgment.  On appeal, the
Whitmires contend that (1) this court and the trial court lacked plenary power
to amend our respective judgments to hold the Whitmire sureties liable; (2) both
courts erred by amending our judgments and mandate to include the sureties because
Whitmire’s payment of the original judgment amount mooted the controversy; (3)
both courts erred by holding the Whitmire sureties liable because their
supersedeas obligation is void; and (4) Greenridge Place presented legally and
factually insufficient evidence to support holding the Whitmire sureties liable
for $25,000.  We withdraw our opinion and
judgment dated February 18, 2010 and issue this opinion in its stead to address
an argument the Whitmires advance in their motion for rehearing.[1]  Our disposition of the case is
unchanged.  We conclude that (1) our
court and the trial court had jurisdiction to amend our judgments; (2) the
controversy is not moot because Whitmire did not pay the rent that accrued
during the previous appeal; (3) the sureties remain liable on the $25,000
supersedeas bond because the bond, although ruled insufficient to continue
protecting Greenridge Place by the trial court, accomplished its purpose of
suspending execution of the judgment; and (4) legally and factually sufficient
evidence exists to hold the sureties liable up to the amount of the supersedeas
bond.  We therefore affirm.

Background

On March 28, 2006, Whitmire renewed
his lease at Greenridge Place for a one-year term beginning on April 1,
2006.  Whitmire failed to pay rent for
April and Greenridge Place filed a forcible entry and detainer action.  The justice court entered a default judgment
awarding possession of the apartment to Greenridge Place, and Whitmire appealed
to the county court at law.  After a de novo bench trial, the trial court
awarded possession to Greenridge Place and ordered Whitmire to pay $850 in rent
and $850 in attorney’s fees, as well as costs, and post-judgment interest.  In the judgment, the trial court also set the
amount of the supersedeas bond at $10,000 in the event Whitmire appealed.  Whitmire’s parents, R.O. and Elsie Whitmire,
acted as sureties and posted the $10,000 supersedeas bond.

Whitmire appealed to this court and
on October 4, 2007, we affirmed the judgment of the trial court.  See
Whitmire v. Greenridge Place Apartments, No. 01-06-00963-CV, 2007 Tex. App.
LEXIS 7893 (Tex. App.—Houston [1st Dist.] Oct. 4, 2007, pet. dism’d w.o.j.)
(mem. op.).  Throughout the appeal
process, Whitmire remained in possession of the apartment but did not pay
rent.  In November 2007, after increasing
the amount of the supersedeas bond to $15,000, the trial court further
increased the bond amount to $25,000 “to cover rental amounts accrued during
the pendency of the appeal.”  The
Whitmire sureties complied with this order. 
In early April 2008, the Texas Supreme Court dismissed Whitmire’s
petition for review.  While Whitmire’s
motion for rehearing was pending, the trial court ordered that a cash bond of
$35,000 be deposited into the court’s registry. 
The Whitmires did not increase their surety obligation, and Whitmire did
not deposit $35,000 in cash in the court’s registry.  Whitmire vacated the apartment on May 20,
2008.  He later tendered a check to
Greenridge Place in the amount of $2,101.14 to cover the amount of the judgment
plus post-judgment interest.

In our court, Greenridge Place requested
that we amend our judgment and mandate to reflect the Whitmire sureties’ joint
and several liability up to the $25,000 supersedeas bond they posted.  We amended our judgment, recalled our
previous mandate, and issued an amended mandate which stated:

It is further ORDERED that the appellee, Greenridge
Place Apartments, recover from the supersedeas bond filed by appellant, Michael
Whitmire, and his sureties, Dr. R.O. Whitmire and Elsie O. Whitmire, the amount
of the judgment rendered above against the sureties, including all rent,
damages, and costs accrued during the pendency of the appeal, as determined by
the court below, up to but not in excess of the supersedeas amount of $25,000,
after payment of which the sureties are released from further liability.

 

In the trial court, Greenridge Place
moved for entry of judgment for $25,000 against Whitmire and the Whitmire
sureties, jointly and severally, to cover the amount of lost rent and
attorney’s fees incurred during the appeal, and against Whitmire, individually,
for costs in excess of the $25,000 supersedeas bond.  Greenridge Place attached the affidavit of
Andrea Bloom, its Vice-President of Operations and Property Supervisor, to establish
that amount of rent that Whitmire owed. 
Bloom averred that, pursuant to the lease, Whitmire owed $22,658 in rent
for the period beginning October 2006, when Whitmire first appealed, through
May 2008, when Whitmire surrendered the apartment.  Greenridge Place also included the affidavit
of Magnus Rayos, one of its attorneys, who averred that Greenridge Place
incurred over $19,000 in attorney’s fees throughout the pendency of the appeal.
 The trial court ordered that Greenridge
Place recover $25,000 from Whitmire and the Whitmire sureties, jointly and
severally, and the excess costs from Whitmire individually.

After denying Whitmire’s motion to
modify or vacate the judgment, the trial court entered findings of fact and
conclusions of law, including findings that Whitmire owed $22,687 in rent to
Greenridge Place and Greenridge Place incurred at least $19,245.70 in
attorney’s fees during the appeal.  The
trial court further concluded that Bloom was qualified to testify regarding the
amount of lost rent, Rayos’ affidavit was sufficient to establish the amount of
attorney’s fees incurred by Greenridge Place, and that Greenridge Place could
recover $25,000 from the Whitmires, jointly and severally, and the excess
amount of costs from Whitmire individually.

Discussion

Plenary Power to Amend the Judgment

          In
his first issue, Whitmire contends that our amended judgment and the trial
court’s supplement to the amended judgment are void because both courts lacked
plenary power to amend our respective judgments.  The Texas Rules of Appellate Procedure allow
a judgment debtor to suspend or supersede execution of a judgment while the
debtor pursues appellate review by filing a good and sufficient bond.  Tex.
R. App. P. 24.1(a).  The Rules of
Appellate Procedure and the Texas Property Code both provide that, in setting
the amount of the supersedeas bond requirement when the judgment involves a
real property interest, the trial court must consider the value of rent or
revenue likely to accrue during the pendency of an appeal.  Tex.
R. App. P. 24.2(a)(2)(A) (“[T]he trial court will determine the type of
security that the judgment debtor must post. 
The amount of security must be at least the value of the property’s rent
or revenue, if the property interest is real.”); Tex. Prop. Code Ann. § 24.007 (Vernon 2000) (“In setting
the supersedeas bond the county court shall provide protection for the appellee
to the same extent as in any other appeal, taking into consideration the value
of rents likely to accrue during appeal, damages which may occur as a result of
the stay during appeal, and other damages or amounts as the court may deem
appropriate.”).  The sureties on the bond
are subject to liability for all damages and costs that may be awarded against
the judgment debtor, up to the amount of the bond, if the debtor does not pay
the value of the property’s rent or revenue during the pendency of the
appeal.  Tex. R. App. P. 24.1(d)(3). 
A trial court has continuing jurisdiction to modify the amount and type
of security required to continue to suspend execution of the judgment, even
after the trial court’s plenary power has otherwise expired.  Tex.
R. App. P. 24.3(a); Lowe v.
Monsanto Co., 965 S.W.2d 741, 742 n.8 (Tex. App.—El Paso 1998, pet.
denied).

          Generally,
after the term in which we render a judgment expires, we lack plenary power to
correct or alter that judgment, except for ministerial acts consistent with the
judgment.  Mapco, Inc. v. Forrest, 795 S.W.2d 700, 702 (Tex. 1990) (orig.
proceeding); see also Tex. R. App. P. 19.3 (“After its
plenary power expires, the court cannot vacate or modify its judgment.”).  Even after our plenary power expires,
however, we retain the ability to correct clerical errors in our judgments and
opinions, issue and recall our mandates, and enforce or suspend enforcement of our
judgments.  Tex. R. App. P. 19.3(a)–(c). 
When we affirm the judgment of the trial court, we must also render
judgment against the sureties on the supersedeas bond for the performance of
the judgment and any costs taxed against the appellant.  Tex.
R. App. P. 43.5.  This is a
mandatory duty, and our failure to do so in our initial judgment does not
deprive us of the power to, at any time, even after our plenary power has
expired, amend our judgment to reflect the sureties’ liability.  See
Cockburn v. Hightower, 52 S.W.2d 365, 366 (Tex. 1932).  Rendering judgment against the sureties after
we affirm a judgment is a ministerial act involving no judicial discretion, and
thus we may amend our judgment, after the expiration of our plenary power, to
operate against the sureties on the supersedeas bond.  See id.
at 365, 366.

          When
Whitmire originally appealed the judgment of the trial court, we affirmed.  See
Whitmire, 2007 Tex. App. LEXIS 7893, at *22–23.  Our original judgment, however, did not enforce
the judgment against both Whitmire and his sureties.  After the Texas Supreme Court denied
Whitmire’s petition for review, Greenridge Place moved for us to amend our judgment
and mandate.  Because Rule 43.5 requires
that we render judgment against the sureties on the supersedeas bond, this is a
mandatory, ministerial act necessary to enforce our judgment; thus, we can
render judgment against the sureties even after our plenary power has otherwise
expired.  See Tex. R. App. P.
43.5; Cockburn, 52 S.W.2d at 365,
366.

          Our
amended mandate required the trial court to determine the amount of rent,
damages, and costs accrued during the pendency of the appeal.  The Whitmire sureties would then be liable
for these costs up to $25,000, the amount of the supersedeas bond.  The trial court, after examining the uncontroverted
affidavits of Bloom and Rayos, subsequently granted Greenridge Place’s motion
to enter judgment against Whitmire and the sureties, jointly and severally, for
$25,000 and against Whitmire individually for the remaining costs in excess of
$25,000.  When the trial court clerk
receives the appellate court’s mandate, the judgment of the appellate court
must be enforced.  Tex. R. App. P. 51.1(b).  The trial court “has no jurisdiction to
review, interpret, or enforce [the appellate court’s] mandate; it must observe
and carry it out.  Its orders carrying
out the mandate are ministerial.”  Schliemann v. Garcia, 685 S.W.2d 690,
692 (Tex. App.—San Antonio 1984, orig. proceeding); see also Saudi v. Brieven, 176 S.W.3d 108, 117 (Tex. App.—Houston
[1st Dist.] 2004, pet. denied).  We hold
that the trial court did not err by following our mandate and rendering
judgment against the Whitmire sureties in the amount of their supersedeas bond
obligation.

Effect of Whitmire’s Tender of the Underlying Judgment Amount

          Whitmire
next contends that Greenridge Place’s acceptance of Whitmire’s payment of the
original judgment amount mooted the controversy and, thus we erred in amending
our judgment and mandate to include the sureties.  Generally, if a judgment debtor voluntarily
satisfies the judgment against them, the case becomes moot.  Marshall
v. Hous. Auth. of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006); see also Williams v. Lara, 52 S.W.3d
171, 184 (Tex. 2001) (“If a controversy ceases to exist—‘the issues presented
are no longer “live” or the parties lack a legally cognizable interest in the
outcome’—the case becomes moot.” (quoting Murphy
v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181 (1982))).  Marshall, the defendant in a forcible entry
and detainer suit, appealed the trial court’s judgment against her, arguing
that she was entitled to possession of the apartment; however, shortly after
the trial court rendered its judgment, she vacated the apartment.  Marshall,
198 S.W.3d at 784–85.  The Texas Supreme
Court held that because Marshall left the apartment and she did not claim a
right to possession after the expiration of her lease, no live controversy
existed between the parties on the issue of possession.  Id.
at 787.

Here, in contrast, Whitmire tendered
a check for $2,101.14 to Greenridge Place and stated on the check that the
amount was for “full satisfaction of the judgment,” but he had remained in
possession of the apartment from October 2006 to May 2008, during the pendency of
the first appeal, without paying rent. 
The goal in setting the supersedeas bond is to require an amount which
will “adequately protect the judgment creditor against any loss or damage
occasioned by the appeal.”  Muniz v. Vasquez, 797 S.W.2d 147, 150
(Tex. App.—Houston [14th Dist.] 1990, no writ). 
To protect Greenridge Place, the trial court initially set the
supersedeas amount at $10,000 to cover rents that accrued during the
appeal.  As the appeal continued, the
trial court increased the supersedeas amount twice more to cover unpaid rents.

Whitmire’s payment to Greenridge
Place included $850 in rent, $850 in attorney’s fees, and approximately $400 in
post-judgment interest.  He did not
tender payment for the rents that accrued during the pendency of the appeal.  When the underlying judgment is for the
recovery of a real property interest and the judgment debtor does not pay the
value of the property’s rent or revenue during the pendency of the appeal, the
sureties are subject to liability up to the amount of the bond.  Tex.
R. App. P. 24.1(d)(3); see also
Tex. R. App. P. 43.5 (“When a
court of appeals affirms the trial court judgment . . . the
court of appeals must render judgment against the sureties on the appellant’s
supersedeas bond.”).  Thus, because Whitmire
only paid Greenridge Place the original judgment amount and did not pay the
rents that accrued during the appeal, a live controversy still existed between
the parties—one to resolve once the judgment was final.

Surety Liability on the $25,000 Supersedeas Bond

          Whitmire
further contends that our court and the trial court erred by rendering judgment
against the Whitmire sureties because the trial court, when it imposed the
$35,000 cash bond requirement, stated that the cash bond superseded the
sureties’ bond obligation and released the sureties from liability.  Supersedeas bonds “secure the appellee and
abate the remedies he would otherwise have for realizing his judgment.”  Carter
Real Estate & Dev., Inc. v. Builder’s Serv. Co., 718 S.W.2d 828, 830
(Tex. App.—Austin 1986, no writ).  In Carter Real Estate, Builder’s, the
judgment creditor, objected in the appellate court to the sufficiency of a
supersedeas bond, contending that the sureties did not own sufficient property
to secure the obligation.  Id. at 831.  The Austin Court of Appeals ordered a new
supersedeas bond with sufficient sureties, which Carter Real Estate did not
meet.  Id.  The Austin Court of
Appeals held that the sureties remained liable, even though the court
determined that their bond was insufficient to continue suspending execution of
the judgment, because “the insufficient bond nevertheless accomplished ‘the
very purpose for which it was intended by procuring for the principal obligor’
an abatement of the writ of execution that would otherwise have been available
to Builder’s.”  Id. (quoting Lloyds Cas.
Insurer v. Farrar, 174 S.W.2d 302, 303–04 (Tex. 1943)); see also Haun v. Steigleder, 868 S.W.2d
387, 391 (Tex. App.—San Antonio 1993, no writ) (holding that although
supersedeas bond was technically invalid because not approved by district
court, surety still liable on bond as common law obligation due to principal
obligor obtaining stay of execution of judgment).  Because the sureties “received the full
benefit of their [suretyship] contract,” they were “‘in no position now to say
that they are not bound [by the contract].’” 
Carter Real Estate, 718 S.W.2d
at 831 (quoting Farrar, 174 S.W.2d at
304).

          In
this case, at the May 2008 hearing, the trial court orally stated that the
$25,000 bond posted by the Whitmire sureties was insufficient to continue
suspending execution of the judgment because the sureties indicated that they
were unwilling to pay.  The trial court
amended the supersedeas requirement to a $35,000 cash deposit into the court’s
registry.  Whitmire did not fulfill this
requirement and he vacated the apartment after the trial court issued a writ of
possession.  The trial court had
previously increased Whitmire’s supersedeas requirement to $25,000 in November
2007, which the Whitmire sureties met. 
This bond remained in place until May 2008, while Whitmire appealed our
initial judgment to the Texas Supreme Court. 
Thus, even though the trial court ultimately ruled that the bond was
insufficient to continue protecting Greenridge Place and suspending execution
of the judgment beyond May 2008, the $25,000 bond effectively superseded the
judgment for six months before the trial court amended the supersedeas
requirement to a cash deposit.  This bond
prevented Greenridge Place from executing the judgment and beginning eviction
proceedings against Whitmire, who continued to reside in the apartment without
paying rent.  Because the bond
“nevertheless accomplished ‘the very purpose for which it was intended by
procuring for the principal obligor’ an abatement” of the writ of possession to
which Greenridge Place was otherwise entitled, we conclude that the Whitmire
sureties “received the full benefit of their [suretyship] contract” and remain
liable on the bond.  See id. (quoting Farrar,
174 S.W.2d at 303–04); Haun, 868
S.W.2d at 391.

Sufficiency of Evidence to Support Judgment Against the Sureties

          In
his fourth issue, Whitmire contends that Greenridge Place failed to present legally
and factually sufficient evidence to support the trial court’s amended judgment
against the Whitmire sureties on the $25,000 supersedeas bond.  An appellate court may not summarily
ascertain the amount of monetary damages incurred by a judgment creditor as a result
of the delay of an appeal.  Muniz, 797 S.W.2d at 150.  When a judgment creditor claims loss or
damages resulting from the appeal, the creditor must prove the extent of the
damage.  State v. Watts, 197 S.W.2d 197, 199 (Tex. Civ. App.—Austin 1946,
writ ref’d).  When the supersedeas bond
covers rental amounts that accrue while the case is on appeal, the rental
amounts cannot be determined on appeal, but instead “must be determined by
proof of facts transpiring after judgment and during the pendency of
appeal.”  Id.  To recover, the judgment
creditor may move the appellate court to enter judgment against the sureties on
the bond.  Muniz, 797 S.W.2d at 150.

          Here,
after the Texas Supreme Court denied Whitmire’s petition for review and
Whitmire tendered payment of the original judgment amount, Greenridge Place moved
for us to amend our judgment and mandate to render judgment against the
Whitmire sureties on the $25,000 supersedeas bond.  We granted the motion and directed the trial
court to determine “all rent, damages, and costs accrued during the pendency of
the appeal.”  In the trial court, Greenridge
Place then moved for entry of judgment against the sureties on the $25,000
supersedeas bond and attached the affidavits of Bloom, its agent, and Rayos,
one of its attorneys of record, to establish the lost rentals and attorney’s
fees incurred during the pendency of appeal. 
Bloom attached Whitmire’s lease to her affidavit, stated her position
with Greenridge Place, and calculated the amount of lost rent Greenridge Place
incurred.  According to Bloom, based on
Whitmire’s lease, he owed $22,658 in lost rent from October 2006 to May 2008.[2]  Whitmire presented no evidence to contradict
Bloom’s calculations, nor did he request an evidentiary hearing.  The lease and Bloom’s uncontroverted affidavit
are legally and factually sufficient to support the trial court’s finding that
Whitmire owed $22,658 in lost rent in its entry of judgment.

          Whitmire
additionally contends that Rayos’ affidavit on attorney’s fees is legally and
factually insufficient because it does not include statements of the number of
hours expended or the billing rate, and does not contain copies of any invoices
or billing statements.  We do not require
an attorney to specifically state the number of hours spent on a case or the
rate charged; instead, the attorney may prove the amount of work performed “by
alternative methods, including evidence of what tasks were taken on behalf of
the client.”  Brighton Homes, Inc. v. McAdams, 737 S.W.2d 340, 344 (Tex.
App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.); see also Hugh Wood Ford, Inc. v. Galloway, 830 S.W.2d 296, 298
(Tex. App.—Houston [14th Dist.] 1992, writ denied) (holding attorney’s
testimony on all work performed sufficient to support attorney’s fees award
even though no time records presented). 
Here, Rayos describes in detail the type of work performed on behalf of
Greenridge Place, states that all services performed were reasonable and
necessary and that he is familiar with the customary amount of fees charged in
Harris County for these types of cases, and avers that $19,245.70 is a
reasonable and necessary amount of attorney’s fees for the work performed.  We hold that Rayos’ affidavit is both legally
and factually sufficient to support the trial court’s judgment of $19,245.70 in
attorney’s fees to Greenridge Place.

Conclusion

Our court and the trial court each had
jurisdiction to amend our respective judgments to render judgment against the
Whitmire sureties on the $25,000 supersedeas bond.  Whitmire’s payment of the original judgment
did not moot the controversy because Whitmire did not tender payment for the
rents that accrued while he remained in possession of the apartment during the
pendency of his appeal.  The Whitmire
sureties remain liable on the $25,000 supersedeas bond because, although the
trial court ultimately ruled the bond insufficient, the bond accomplished its
purpose of abating the execution of a writ of possession in favor of Greenridge
Place.  Accordingly, neither this court
nor the trial court erred in rendering judgment against the sureties on that
bond, despite the subsequent $35,000 cash deposit requirement that went
unfulfilled.  We further hold that the uncontroverted
affidavits that Greenridge Place presented in support of its motion to enter
judgment against the sureties support the amended judgment of the trial
court.  We therefore affirm the judgment
of the trial court.

 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.











[1] We dismiss the Whitmires’ motion for rehearing en
banc as moot.  See City of Houston v. Buttitta, 274 S.W.3d 850, 851 (Tex.
App.—Houston [1st Dist.] 2008, no pet.).





[2] Bloom specified that based on paragraph 6 of the
lease, Whitmire owed $850 a month from October 2006 to January 2007, the
remainder of his lease, for a total of $3,100. 
Whitmire owed $970 a month as a month-to-month tenant from February 2007
to May 2007, for a total of $3,880.  And
Whitmire owed $1,150 a month as a holdover tenant from April 2007 to May 2008,
for a total of $15,706.16.